GILBERT WELLS AND OTHERS *v.* ESTATE OF ROSWELL WELLS.

### *Wills. Evidence.*

W. devised by will all his property to his wife S. during her natural life, and, after her decease, to his adopted son George, on condition that he should be a faithful son. George lived with the testator until his decease, and with S. until she broke up housekeeping, always a faithful son, when by her consent, and in pursuance of an arrangement between herself and George's father, he returned to his father's at the age of nine years, and lived with him until the death of S., a period of several years. Soon after his return, S. and the father of George, by mutual consent, caused the articles of apprenticeship under which George went to live with W. at the age of three years, to be canceled. All these acts were done without consulting George, and without any reference to his wishes. *Held*, that his return to his father's was no violation of the condition of the will. Nor could the cancellation of the articles of apprenticeship affect the will.

The declarations of the testator, made subsequent to the execution of the will in question, to the effect that that will did not vary from a former will which he had made, are inadmissible to vary and alter the provisions of the last will, ex-pressed in clear and explicit terms, without ambiguity.

APPEAL from the probate court, in ordering the distribution of the estate of Roswell S. Wells, deceased, to his adopted son George Car-penter. The facts in this case are fully set forth in the opinion of the court.

The county court at the April Term, 1864, ALDIS, J., presiding, held that neither the fact of George's leaving Mrs. Wells to reside with his father under the circumstances of the case, nor the cancel-

lation of the articles of apprenticeship, would operate to defeat his interests by the will, and that he was entitled to the property bequeathed to him by the will; and that the parol evidence offered to show that the testator did not intend to make any alterations in this will from a former will made in Canada, was inadmissible,—to all which the appellants excepted.

*H. S. Royce* and *B. Hall*, for the appellants, cited 2 Green. Ev. 690; *Blossom and others* v. *Griffin and another*, 13 N. Y. 569; *Ellis* v. *Essex Merrimac Bridge*, 2 Pick. 243; 1 Hilliard on Real Prop. 379, § 14; *Hogaboom* v. *Hall*, 24 Wend. 146.

*Edson & Rand*, for the appellees, cited 10 Conn. 62; 25 Vt. 238.

PIERPOINT, J.    It appears from the exceptions that Roswell Wells, the testator, by his last will devised all his estate, both real and personal, after payment of his debts, to his wife, Sally Wells, during her natural life, and after her decease to his adopted son, George Carpenter, on condition that the said George Carpenter should continue a faithful son during the life of the said testator and his said wife.    The said George, when two or three years of age, was apprenticed by his father to the testator, to be brought up and instructed by him in the business of farming, and continued to live with the testator up to the time of his death, and afterwards lived with the widow of the testator, "the said Sally," until she left her farm, broke up housekeeping, and went to live with her son-in-law; and then with the consent and under the direction of the said Sally, and in pursuance of an arrangement between the said Sally and the father of the said George, he returned to his father's house and continued to reside there until the death of the said Sally, a period of several years.    Soon after the said return of the said George, the said Sally and the father of said George, by mutual consent, caused the said articles of apprenticeship to be canceled.    All these acts appear to have been done without consulting the said George, and without any reference to his wishes in the matter, he being quite young.    It does not appear that these arrangements were in any respect induced by any acts of the said George, inconsistent with his duties as a "faithful adopted son."    Indeed it is not claimed that the said George was guilty of any act that was at variance with his duty to his parents by adoption, up to the time he left the said Sally

Wells et al *v.* Est. of Wells.

and returned to his father's. But it is insisted that such return was a violation of the condition upon which the property was devised to him, and operated a forfeiture of his right to the property under the will.

We are not able to concur in this view of the subject. George did not leave the said Sally in pursuance of any wish or will of his own, but simply acquiesced in the arrangement which she and his father had made in respect to him.

What considerations operated to induce the said Sally to enter into the arrangement do not appear, but it is reasonable to suppose that in view of the situation in which she was placed after the death of her husband, and her inability to afford George an opportunity to acquire a proper knowledge of the business of life, she thought it best for him, and perhaps for herself, that he should leave her and go to his father. That he complied certainly cannot be regarded as an undutiful or unfaithful act towards her, but the reverse. The fact that she afterwards caused the articles of apprenticeship to be canceled cannot affect this question; he had no connection with that transaction; it was her act, not his.

Had the testator, before making his will, known what would transpire after his death, he might not have made it, but that is not the question now. The will was made, and is established; its operation as to George was made to depend solely upon his future conduct towards the testator and his wife Sally during their lives. They being now both dead, and no act of unfaithfulness on the part of said George appearing, this provision of the will must have full operation. This view we think is in strict conformity with the intention of the testator as evidenced by the will itself, when considered in connection with his then existing relations, and all the surrounding circumstances as set forth in the bill of exceptions.

It is further claimed that the county court erred in excluding from their consideration certain evidence of the declarations of the testator, which was introduced upon the hearing, the trial being by the court.

This evidence consisted of the declarations of the testator made subsequent to the execution of the will in question, to the effect that his last will did not vary from a former will which he had made, from which in fact it did vary in some respects. To admit evidence

of this character to vary and alter the provisions of a will, that are clear and explicit in terms, and in regard to which there is no ambiguity, would be a direct violation of well established rules in regard to the admissibility of parol evidence. We think there was no error in this respect.

Judgment affirmed.