NOCERA BROS. LIQUOR MART, INCORPORATED *vs.*

LIQUOR CONTROL HEARING BOARD *et al.*

NOCERA BROS. LIQUOR MART, INCORPORATED *vs.*

LIQUOR CONTROL HEARING BOARD *et al.*

NOVEMBER 25, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. These two petitions for certiorari were filed under the provisions of public laws 1940, chapter 821, sec. 5, which amended public laws 1939, chap. 660, by adding thereto sec. 129. This amendment will hereafter be referred to as sec. 129. The cases were heard together and seek to have this court review and quash the decision made by the liquor control hearing board, sometimes called the board, after it had heard appeals from two orders of the acting liquor control administrator. These orders related to the fixing by him of minimum prices, both wholesale and retail, for the sale of various liquors in this state. The writs were

issued as prayed and in response thereto the pertinent records were duly certified by the board which is the real respondent.

The order of the administrator fixing the minimum *wholesale* price to be charged for certain liquors was by way of amendment to rule No. 52, and the order fixing the minimum *retail* price of such liquors was by the establishment of rule No. 67 of the department of business regulation. Both rules were approved by the director of said department and were to become effective December 22, 1952. From the issuance of these orders, the petitioner, a corporation holding a class A package store license, appealed to the board. After a hearing the board denied and dismissed the appeal in respect to rule 52, as it found no credible evidence that the provisions thereof were arbitrary or unreasonable, and denied and dismissed petitioner's appeal as to rule 67 on the ground that the board did not have jurisdiction to hear such appeal. For the sake of clarity the questions growing out of the making of these two rules will be discussed separately.

In the instant petitions the determinative question raised regarding rule 67 is procedural in nature, namely, whether an appeal to the board lies from the administrator's order. The parties herein have presented their opposing views on that issue, and an examination of the pertinent statutes is necessary to decide it. Since such statutes have from time to time been amended, the ultimate intent of the legislature in certain respects is not always easily ascertainable. However, it is clear that the power to fix the *retail* price of certain liquors on a stated basis was given the division of intoxicating beverages (now succeeded by the administrator) under the provisions of P. L. 1941, chap. 1038, amending general laws 1938, chap. 164, §6. The language used in chapter 1038 reads as follows: "It [the division of intoxicating beverages] shall have the power to fix on a cost plus percentage mark-up basis the wholesale and retail prices of all such commodities except malt beverages to be sold within

this state or to be imported or brought into the state or exported therefrom and to raise or lower such prices in whole or in part from time to time."

That chapter contains no express right of appeal from such price fixing. An appeal from decisions and orders made in the administration of the provisions of G. L. 1938, title XX, as amended, is provided for by P. L. 1940, chap. 821, sec. 129. It is therein set out that the right of appeal to the board shall exist in certain specific cases "and not otherwise." Included in such cases are the following: "(3) where such decision or order establishes a rule or regulation in accordance with the provisions of section 5 of chapter 164 of the general laws, as amended; * * * (5) where such decision or order fixes, raises or lowers the wholesale price of any beverage."

The petitioner, however, relies on the above-quoted paragraph (3) of that section as the ground for its right to appeal. In answer thereto respondent contends that G. L. 1938, chap. 164, §5, as amended by P. L. 1940, chap. 814, sec. 8, relates only to the issuing of licenses for the sale of liquor in such form as shall be prescribed by the department of business regulation; that the licenses shall be held under such rules and regulations as said department shall impose, establish and authorize"; and that such rules and regulations have nothing to do with the matter of price fixing. It further urges that the so-called rule or order in question here was made under the specific power given the administrator by §6 of said chap. 164, as amended, to fix the retail price of certain liquors, a matter which is not in any manner included in §5; that the rules, regulations and orders now in question were not made under the authority of §5 as amended; that paragraph (3) hereinbefore set out has no present application; and that petitioner cannot base its alleged right of appeal thereon.

After considering the above statutes and giving each of them reasonable effect, we are of the opinion that the posi-

tion taken by respondent herein is generally sound. Under the existing statutes the grant of authority to fix retail prices was added by the amendment to §6 and not by the amendment to §5 of chap. 164. When such power to fix retail prices was granted by P. L. 1941, chap. 1038, the legislature did not then amend P. L. 1940, chap. 821, sec. 129, so as to add the right to appeal from a rule or order fixing prices at *retail*. Such an appeal was then restricted to orders fixing wholesale prices. This omission is significant. At least in the circumstances we should not write such an amendment into the statute. If intended, that is a legislative function. The decision of the board that petitioner had no such right of appeal from the establishment of rule 67 was therefore without error, and we do not find any question properly before us relating to the validity of such rule.

No procedural question is raised by the parties concerning the taking and pressing of petitioner's appeal from the establishment of rule 52, which concerns the fixing of minimum prices for the sale of certain liquors at *wholesale*. The provision of P. L. 1940, chap. 821, sec. 129, under which the instant petitions for certiorari were filed, limits the scope "to review any questions of law involved." As to rule 52 petitioner first argues that it was established contrary to law. We do not agree with that contention. In our opinion although the rule stated that it was promulgated under G. L. 1938, chap. 164, §5, as amended, the authority to fix prices is actually conferred under §6 of that chapter as amended.

The rule was entitled "Department Of Business Regulation Liquor Control Administrator" and was signed by that official. The power to fix wholesale prices of liquors, as we have stated, was given to the administrator as a member of the department of business regulation under §6 as amended. In our judgment that power by reasonable and necessary implication carried with it the authority to make rules, regulations, orders and decisions to give effect to the power

to fix such prices. Section 5 of that chapter did not contemplate rules and regulations to implement the power of price fixing but dealt merely with matters relating generally to the issuing and control of liquor licenses.

The petitioner next contends that the promulgation of rule 52 was a legislative action taken by an administrative official in violation of article III and of sections 1 and 2 of article IV of the constitution of this state. Article III provides that the powers of the government shall be distributed into three departments: the legislative, executive and judicial. Sections 1 and 2 of article IV deal with the enacting of laws by the general assembly and what the legislative power under the constitution embraces.

This court has had occasion to pass upon the constitutionality of statutes which regulate the conduct of a business. Speaking broadly this requires the exercise of the legislative power, which ordinarily cannot be delegated in such an instance. However, it is recognized that in many cases the legislature may and often must leave to administrative officers or agencies the making and carrying out of details connected with the administration of such a regulatory statute, and that the delegation of duties of that nature to an administrative body or officer is not necessarily a ground for holding the statute unconstitutional as an improper delegation of power. Cases sustaining the validity of statutes when a question similar to the one now before us was raised are *State* v. *Rosenkrans,* 30 R. I. 374, *State* v. *Conragan,* 58 R. I. 313, and *Sepe* v. *Daneker,* 76 R. I. 160. In the *Sepe* case, which involved the making by the department of business regulation of certain rules and regulations governing the holding of liquor licenses, the court stated at page 167: "The delegation was merely that of conferring administrative and regulatory functions upon a governmental agency for the better control of the liquor traffic and was not in any real sense an unconstitutional delegation of power."

The petitioner has cited the cases of *State* v. *Stoddard,* 126 Conn. 623, and *Ferretti* v. *Jackson,* 88 N. H. 296, as supporting its contentions regarding the unconstitutionality of the statutes now being considered. An examination of those cases reveals that they deal with the construction of acts regulating and controlling the conduct of the milk business in those jurisdictions. The decision in each case is in substance based upon the ground that the act before the court granted to the administrative board or officer in question such a broad, sweeping and general delegation of power, without prescribing with reasonable clarity the limits of the power so delegated, that the act under consideration was unconstitutional as an improper delegation of legislative power.

However, an examination of the statutes involved herein shows clearly that the general assembly, in exercise of its legislative policy and power by enacting G. L. 1938, chap. 164, §6, as amended by P. L. 1941, chap. 1038, sec. 2, gave specifically to the division of intoxicating beverages (now the administrator) the power to fix wholesale and retail prices of liquor. The statute went further and set out the standard or basis of such fixing by requiring the prices to be "on a cost plus percentage mark-up basis." In our opinion this fixes the standard or formula and sufficiently clarifies and limits the authority granted to the administrative officer to fix prices according to the cost of the liquor plus a reasonable percentage markup. In the circumstances therefore the cases cited by petitioner are distinguishable and do not apply here. The legislature, considering the *nature of the business* being regulated, properly left the carrying out and performing of the details of the delegated administrative power to the reasonable judgment of the administrator. Furthermore respecting rule 52, an appeal by an aggrieved person from the fixing of prices by the administrator was duly provided.

In *Gaine* v. *Burnett,* 122 N.J.L. 39, it was held that a pro-

vision of the state control act which gave the commissioner of alcoholic beverages the authority to fix the sale price of intoxicating liquors was not an unconstitutional delegation of legislative power although the act left the price fixing to his volition. At page 43 the court stated: "Fixing the price, at which liquor is to be sold, is an ancient method to prevent abuse in the use of a commodity of much social disadvantage." In our judgment the promulgation of rule 52 was not a delegation of legislative power but was merely the delegation of authority to provide within certain reasonable limits such rules and details as were necessary for proper administration, and therefore we are of the opinion that it did not violate the specific articles and sections of the constitution of this state hereinbefore set out.

The case of *Apice* v. *American Woolen Co.*, 74 R. I. 425, cited to us by petitioner in connection with its holding in regard to the delegation of legislative authority, is distinguishable from the instant case. Here we are dealing with authority over administrative detail in a business that is not lawful without a license. In the cited case the question of quasi-judicial power was involved.

The petitioner in addition argues that the promulgation of rule 52 is unconstitutional as being in violation of section 1 of article XIV of amendments to the constitution of the United States, which is the due process clause so called. General laws 1938, title XX, relates to the subject of alcoholic beverages. The statutes under consideration are in amendment to various chapters and sections appearing in that title. Chapter 175 of said general laws sets out in the following language the purpose of the title: "§1. This title shall be construed liberally in aid of its declared purpose which declared purpose is the promotion of temperance and for the reasonable control of the traffic in alcoholic beverages." This court in *Baginski* v. *Alcoholic Beverage Comm'n,* 62 R. I. 176, held that legislation dealing with the control of intoxicating beverages is a familiar and well-

recognized example of the legitimate exercise of the police power, and at page 179 stated: "The traffic in intoxicating liquors has ever been a prolific source of evils, gravely injurious to the public welfare. The need of its regulation and control is undisputed." It is our opinion that the stat-. utes under consideration and rule 52 promulgated thereunder are not arbitrary, discriminatory, or irrelevant to legislative policy in respect to liquor control.

Moreover a license to deal in intoxicating liquors is not a contract or a property right. In our judgment considering the nature of the business to be regulated and the provisions of the statute, the minimum markup of the wholesale price of liquor by the administrator was made under a valid exercise of the police power of the state. In addition there is no discrimination here among the class of licensees, since the statutes and rule apply equally to all wholesalers of liquor. Furthermore, the markups in the price of liquor bear a reasonable and substantial relation to the carrying out of the expressed purpose of the statute to control traffic in alcoholic beverages for the general well-being of the people. Laws of the type now before us should be liberally construed to carry out the legislative intent if reasonably possible. It is our opinion that the statutes in question and rule 52 promulgated thereunder do not violate the due process clause contained in section 1 of article XIV of amendments to the constitution of the United States.

The petition for certiorari in each case is denied and dismissed, the writs heretofore issued are quashed, and the papers certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Coffey, Ward, Hoban & McGovern, John G. Coffey,* for petitioner.

*William E. Powers,* Atty. Gen., *Archie Smith,* Ass't Atty. Gen., for respondent board.