## State of Vermont v. Morris Solomon

[260 A.2d 377]

No. 25-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Joseph E. McNeil,* Burlington, City Grand Juror, for the State.

*Paul, Frank & Collins,* Burlington, for Defendant.

**Keyser, J.** This appeal brings here for consideration a challenge to the constitutionality of an act of our legislature, 23 V.S.A. § 1256, effective March 5, 1968, which provides:

> No person may operate or ride upon a motorcycle upon a highway unless he wears upon his head protective headgear reflectorized in part and of a type approved by the commissioner. The headgear shall be equipped with either a neck or chin strap.

The respondent was found guilty after a jury waived hearing by the Vermont District Court (Chittenden Circuit, Unit 2) of failure to wear a protective headgear while operating a motorcycle on College Street in the City of Burlington. Respondent's appeal is from the findings and judgment of guilty entered by the court below and is "for the sole purpose of testing the constitutional validity of the statutory requirement that motorcyclists wear protective headgear."

There is no dispute as to the facts, the respondent admitting by his testimony that he was operating a motorcycle while bareheaded at the time and place alleged. The findings of fact made by the trial court establish the commission of the offense charged.

The respondent claims that the purpose of the act is essentially to reduce the risk of motorcyclists inflicting injury upon themselves and that compulsory helmet use exceeds the scope of the police power; also, that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution which provides that no state shall "deprive any

person of life, liberty or property, without due process of law."

The rule relating to the exercise of police power is succinctly stated by the Supreme Court of the United States in the case of *Liggett Co.* v. *Baldridge*, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204, 208:

> "The police power may be exerted in the form of state legislation where otherwise the effect may be to invade rights guaranteed by the Fourteenth Amendment only when such legislation bears a real and substantial relationship to the public health, safety, morals or some other phase of the public welfare."

To the same effect, *Sowma* v. *Parker, Att'y. Gen.*, 112 Vt. 241, 250, 22 A.2d 513.

In passing upon the constitutional question involved, this Court must assume that the acts of the General Assembly are constitutional and within its legislative power until and unless the contrary clearly appears by irrefragable proof. *Vermont Woolen Corp.* v. *Wackerman*, 122 Vt. 219, 223, 167 A.2d 533; *State* v. *Auclair*, 110 Vt. 147, 156, 4 A.2d 107.

It lies within the power of the legislature to adopt reasonable measures for the promotion of safety upon our public highways in the interests of motorists and motorcyclists and others who may use them. *Valcour* v. *Village of Morrisville*, 108 Vt. 242, 248, 184 A. 881. The highways belong to the state, and are subject to the police power of the state. *State* v. *Gamelin*, 111 Vt. 245, 250, 13 A.2d 204. It is fundamental that an act of the legislature commands judicial approval if on any reasonable view such act is designed and intended to protect the public health, safety and morals.

The defendant contends that the purpose of the statute is essentially to reduce the risk of motorcyclists inflicting injury upon themselves.

*State* v. *Lombardi*, 241 A.2d 625, R.I. 1968, considers the relationship of the statute requiring the wearing of crash helmets to highway safety and the exercise of valid police power. The court said at page 627:

"(T)he requirement of protective headgear bears a reasonable relationship to highway safety generally. It does not tax the intellect to comprehend that loose stones on the highway kicked up by passing vehicles, or fallen objects such as windblown tree branches, against which the operator of a closed vehicle has some protection, could so affect the operator of a motorcycle as to cause him momentarily to lose control and thus become a menace to other vehicles on the highway."

The court further said: "Even if this (respondent's contention) were so, we are not persuaded that the legislature is powerless to prohibit individuals from pursuing a course of conduct which could conceivably result in their becoming public charges."

Statutes similar to the one in question here have been tested in other jurisdictions. Thus, in *Commonwealth* v. *Howie,* (Mass.) 238 N.E.2d 373, the court held at page 374: "The act of the Legislature bears a real and substantial relation to the public health and general welfare and is thus a valid exercise of the police power." In accord, *State* v. *Odegaard,* (N.D.) 165 N.W.2d 677; *Connecticut* v. *Burzycki,* (Conn.) 252 A.2d 312; *State* v. *Anderson,* 3 N.C. App. 124, 164 S.E.2d 48 and *Everhardt* v. *City of New Orleans,* 253 La. 285, 217 So.2d 400; *Ex parte Smith,* (Tex. Ct. of Crim. Appeals) 441 S.W.2d 544. A similar statute in New York requiring motorcyclists and their passengers to wear crash helmets was held to constitute a valid exercise of the State's police power in *Kraft* v. *New York* (N.Y. Cty Ct. Onondaga-Cty, 3/4/69). In that case, petition for *certiorari* to the United States Supreme Court was denied and the appeal dismissed for want of jurisdiction. See 38 U.S.L.W. 3134, 10/14/69.

■ The statute in question applies to all motorcyclists equally and is directly related to highway safety. It bears a substantial relation to the promotion of the welfare and safety of the general public as distinguished from the welfare solely of the individual riders of motorcycles who are most directly affected. Safety standards for all types of motor vehicles and equipment have become of increasing importance and public concern. As noted above, there are numerous decisions which deal with the issue here involved. These indicate a motorcycle

safety program whose purpose can only be to reduce traffic accidents and deaths and injuries to persons from traffic accidents. We point out that we presently have numerous statutes which involve the use of highways and regulation of traffic as well as equipment on motor vehicles, all being reasonably directed toward highway safety.

Another important aspect which must be recognized is that here we are not dealing with the behavior of individuals but with police power on the highway to preventively stop or reduce accidents. Contrary to the respondent's contention, he is not deprived of his liberty. There is no restraint of his person or actions imposed by the act. Rather, the legislature has invoked a reasonable condition to be observed in the operation of a motorcycle on the public highway so that the public safety will not be jeopardized. Clearly, legislation intended to protect persons in other vehicles from exposure to danger created by a motorcycle out of control is within the police power of the State.

■ It is well established that in construing the constitutionality of statutes the reviewing court has great latitude in matters of which it can take judicial notice. 16 Am.Jur.2d, Constitutional Law § 155; citing, in particular, *Borden Farm Products* v. *Baldwin*, 293 U.S. 194, 55 S.Ct. 187, 70 L.Ed. 281. In this connection we take judicial notice, as a matter of common knowledge that travel by motorcycle forms a substantial segment of the vehicular traffic on the public highways of the State. When motorcycle operators are considered as a class, rather than individually, they represent a fair segment of the public and the law is designed not to protect one operator, but all of them.

Moreover, self-injury may be of such a nature to also invoke a general public concern. The safety statute in question bears an analogy to the statutes which forbid heroin or use of dangerous drugs, or to the safety requirements imposed in the operation of industrial equipment. When such individuals are considered as a class, public safety is involved.

In support of his conclusion, the respondent cites a Michigan case and an Illinois case neither of which persuade us that our statute is unconstitutional.

We hold that the statute, 23 V.S.A. § 1256, bears a real and substantial relation to the public health and general welfare and it is a valid exercise of the police power. Accordingly, it follows that the legislative decision does not deprive the operator of a motorcycle of life, liberty or property and in no way violates any of the provisions of our state and federal constitutions. The respondent's contention in this respect cannot be sustained.

*Judgment affirmed.*