288 So.2d 473 (1974)
Michael CESIN, Appellant,
v.
STATE of Florida, Appellee.
No. 43921.
Supreme Court of Florida.
January 16, 1974.
Phillip A. Hubbart, Public Defender; and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., and John P. Durant, Asst. State's Atty., for appellee.
BOYD, Justice.
This cause is before us on appeal from the County Court, Dade County, Florida, having been transferred here from the Circuit Court in and for the Eleventh Judicial Circuit, pursuant to Rule 2.1(a)(5)(d), Florida Appellate Rules, 32 F.S.A. Appellant was charged with riding on a motorcycle without wearing prescribed protective headgear, to which he entered a plea of not guilty. Appellant moved to have the trial court declare unconstitutional the statute[1] and ordinance requiring the operator of a motorcycle to wear protective headgear. The motion was denied[2]. Accordingly, this Court has jurisdiction of the direct appeal under Article V, Section 3(b)(1), of the Constitution of the State of Florida, F.S.A. Oral argument has been dispensed with, pursuant to Rule 3.10(e), Florida Appellate Rules.
*474 The sole question for our determination in this cause is the constitutionality vel non of Section 316.287, Florida Statutes, 1971, F.S.A. We agree with the County Judge below that said statute is constitutionally valid, and hereby affirm his decision for the following reasons.
Appellant, with commendable candor, admits that a similar statute was held constitutional by this Court in State v. Eitel,[3] and, in an effort to avoid the impact of this decision, appellant contends that the statute upheld in Eitel contained the following provision:
"(c) The above protective equipment shall meet the standards of the 1966 National Highway Safety Act."
Appellant then points out that this standard-setting provision was omitted from the present statute now under attack. However, if this distinction is to make a difference, then we must ignore the final paragraph of Eitel, which provided:
"The statute requires that the protective equipment meet the standards of the Highway Safety Act of 1966. Standard 4.4.3, promulgated after the enactment but before the effective date of the Florida act, leaves the specifications to the state. The Department of Public Safety adopted Chapter 295G of its Rules months before these charges were brought. We find no unconstitutional delegation of power, nor any vagueness here. Indeed, we think it wise for the Legislature, which stated its purpose with sufficient clarity, to leave to administrative officials the specification of impact strength and the like."[4]
The Department of Highway Safety and Motor Vehicles has enacted specific rules for testing motorcycle helmets and the standards that must be met.[5] The Department has provided in its rules that helmets passing the tests be so labeled as approved, so that a motorcycle rider need not be in doubt as to what is or is not a proper helmet.[6]
Florida is not alone in approving such statutes. They have been passed upon, and held constitutional against every conceivable assault, in many states.[7] Many such cases involved statutes that delegated authority to officials to set standards, as is done in Florida, and, in each case, the statute was sustained.[8]
*475 We think that certain language found in the opinion of the Supreme Court of Rhode Island in the case of State ex rel. Colvin v. Lombardi,[9] is particularly pertinent. The Supreme Court of Rhode Island was called upon to determine the constitutionality of a statute authorizing the registrar of motor vehicles to prescribe the type of helmet to be worn by motorcycle operators where the statute did not set forth in standards which the registrar would be required to follow. In holding the statute constitutional, the Court declared:
"The remaining two questions raise a single issue, namely, assuming a valid purpose to be served, is § 31-10.1-4 so lacking in standards as to constitute an unlawful delegation of the police power to the registrar of motor vehicles? If defective in this regard, defendant correctly contends that the challenged section works so as to deny him the constitutional guarantees of due process. He cites a number of cases to this effect, but since we cannot agree that the statute is an arbitrary grant of legislative power, we perceive no reason to record them here.
"It is defendant's position that by the broad terms employed, the general assembly has purported to authorize the motor vehicle registrar to promulgate rules or regulations calling for a helmet composed of such materials as `glass, paper mache, or concrete,' and so, useless for purposes of safety. Indeed, he further argues, the registrar could, pursuant to the authority granted, require the use of a helmet of such composition and so constructed as to serve only a decorative purpose.
"The necessity for cloaking a delegation of legislative power with standards sufficient to confine the exercise of that power to the public welfare sought to be served is elementary. However, that the legislature has done so in a given case must be resolved in favor of constitutional validity when the language of the challenged act is reasonably open to such construction. Nocera Bros. Liquor Mart, Inc. v. Liquor Control Hearing Bd., 81 R.I. 186, 100 A.2d 652.
"Here we conclude that the word `helmet' becomes a word of art when it identifies with a specific use. Thus, police, firemen, or football helmets conform to known and approved standards and are not open to uncertainty of meaning or use. Equally definitive, we think, is the limitation placed on the registrar by the general assembly when the word `helmet' is considered in the context of § 31-10.1-4. Were the registrar to misconceive the scope or purpose of his delegated authority, and so doing, promulgate rules and regulations unreasonably related to the legislative purpose, a different question would arise, but no such unwarranted exercise of power is asserted."[10]
We conclude, therefore, that there is no fatal ambiguity in Section 316.287. There can be no misunderstanding the purpose for which the statute was enacted. And, there can be no misunderstanding as to the type of protective headgear required to be worn by motorcycle operators. This is so, simply because the description of the protective headgear is so clear and unmistakable as to be within the realm of reasonable inference from the language of the statute.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, ADKINS and McCAIN, JJ., concur.
NOTES
[1] Section 316.287, Florida Statutes, 1971, F.S.A., which provides:

"(1) No person shall operate or ride upon a motorcycle unless he is properly wearing protective headgear securely fastened upon his head which complies with standards established by the department.
"(2) No person shall operate a motorcycle unless he is wearing an eye-protective device over his eyes of a type approved by the department.
"(3) This section shall not apply to persons riding within an enclosed cab.
"(4) The department is authorized to approve or disapprove protective headgear and eye-protective devices required herein and to issue and enforce regulations establishing standards and specifications for the approval thereof. The department shall publish lists of all protective headgear and eye-protective devices by name and type which have been approved by it."
[2] The record on appeal includes an affidavit and stipulation as to facts signed by the trial judge, which provides, in pertinent part:

"3. The defendant moved that I declare unconstitutional the statute and ordinance requiring the operator of a motorcycle to wear protective headgear. I denied that motion."
The affidavit also provides that appellant was fined ten dollars, and that no court reporter was present at the trial and no stenographic recording of the proceedings was made.
In a second affidavit and stipulation as to facts provided in the record, appellant stated that he moved to dismiss the charge on constitutional grounds, and that the trial judge declared the statute and ordinance constitutional.
[3] 227 So.2d 489 (Fla. 1969).
[4] Id. at 491 (Footnote omitted.) (Emphasis supplied.)
[5] See Chapter 15-4, Rules of Department of Highway and Motor Vehicles.
[6] Id., Rule 15-4.13.
[7] See, e.g., State v. Also, 11 Ariz. App. 227, 463 P.2d 122 (1969); Love v. Bell, 171 Colo. 27, 465 P.2d 118 (1970); State v. Lee, 51 Haw. 516, 465 P.2d 573 (1970); City of Wichita v. White, 205 Kan. 408, 469 P.2d 287 (1970); City of Jackson v. Lee, Miss., 252 So.2d 897 (1971); State v. Darrah, 446 S.W.2d 745 (Mo. 1969); State v. Krammes, 105 N.J. Super. 345, 252 A.2d 223 (1969); Elliot v. City of Oklahoma City, 471 P.2d 944 (Okl.Ct.Crim.App. 1970); State v. Fetterly, 254 Or. 47, 456 P.2d 996 (1969); Commonwealth v. Arnold, 215 Pa.Super. 444, 258 A.2d 885 (1969); State ex rel. Colvin v. Lombardi, 104 R.I. 28, 241 A.2d 625 (1968); State v. Acker, 26 Utah 2d 104, 485 P.2d 1038 (1971).
[8] See, e.g., Penney v. City of North Little Rock, 248 Ark. 1158, 455 S.W.2d 132 (1970) [Department of Motor Vehicles]; Commonwealth v. Coffman, 453 S.W. 759 (Ky. 1970) [Department of Motor Vehicles], Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400, appeal dismissed for want of jurisdiction, cert. denied, 395 U.S. 212, 89 S.Ct. 1775, 23 L.Ed.2d 214 (1969) [Director of Public Safety]; Commonwealth v. Howie, 354 Mass. 769, 238 N.E.2d 373, cert. denied, 393 U.S. 999, 89 S.Ct. 485, 21 L.Ed.2d 464 (1968) [Registrar of Motor Vehicles]; State v. Anderson, 275 N.C. 168, 166 S.E.2d 49 (1969) [Commissioner of Motor Vehicles]; State v. Odegaard, 165 N.W.2d 677 (N.D. 1969) [Motor Vehicles Registrar]; Arutanoff v. Metropolitan Government of Nashville and Davidson County, 223 Tenn. 535, 448 S.W.2d 408 (1969) [Commissioner of Safety]; State v. Solomon, 128 Vt. 197, 260 A.2d 377 (1969) [Commissioner of Department of Motor Vehicles]; Bisenius v. Karns, 42 Wis.2d 42, 165 N.W.2d 377 (1969) [Commissioner (Now, Administrator) of Division of Motor Vehicles].
[9] See note 7, supra.
[10] 241 A.2d at 627.