PER CURIAM.
The State has challenged the dismissal of three cases in which motorcyclists were issúed citations for operating motorcycles while wearing improper helmets. The trial court dismissed each ease because it found section 316.211, Florida Statutes (1993), to be unconstitutionally vague. We affirm the trial court’s decision to dismiss these cases,-but unlike the trial court, we find section 316.211 constitutional. See Cesin v. State, 288 So.2d 473 (Fla.1974) (holding that the 1971 version of the statute is constitutionally valid). Our basis for affirmance lies in the fact that the motorcyclists were not on notice of that conduct which was illegal — the Department of Highway Safety and Motor Vehicles failed to comply with the statute’s command that “[t]he department shall publish lists of protective equipment, and such lists shall'be made available by réquest to all users of. such equipment.” See § 316.211(5), Fla. Stat. (1993). The only list maintained by the Department is many years out-of-date, and is of no benefit to a motorcyclist who purchases a recently manufactured helmet.
Accordingly, we affirm the trial court’s orders of dismissal.
FRANK, A.C.J., and BLUE and WHATLEY, JJ., concur.