(No. 43304.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
JOHN H. ROE, Appellee.

*Opinion filed May 21, 1971.*

RICHARD L. CADWELL, of Oregon, for appellee.

WILLIAM J. SCOTT, Attorney General, of Springfield,
(FRANCIS T. CROWE and A. ZOLA GROVES, Assistant At-
torneys General, of counsel,) for the People.

Mr. JUSTICE RYAN delivered the opinion of the court:

The defendant, John H. Roe, was arrested on September
14, 1969, by an officer of the Department of Conservation
of Illinois. He was charged with violating section 1 of arti-
cle IV of the Boat Registration and Safety Act. (Ill. Rev.
Stat. 1969, ch. 95½, par. 314—1.) At the time of the ar-
rest, two people were in the boat operated by defendant and
there were no life preservers on board. The applicable por-
tion of the statute under which the arrest was made provides
as follows: "It is unlawful to operate any watercraft unless
there is one Coast Guard approved life preserver, ring buoy,
buoyant vest or buoyant cushion in good and serviceable
condition and readily accessible for each person on board."

Defendant filed a motion to dismiss the complaint, alleg-

ing as grounds therefor that said section is beyond the police power of the legislature and is in violation of section 2 of article II of the constitution of Illinois and of the fourteenth amendment of the United States constitution. The circuit court of Lee County allowed said motion and dismissed the complaint holding that this provision of the Boat Registration and Safety Act was in fact beyond the police power of the State and in violation of the constitutional provisions above referred to. The People have appealed directly to this court under the provisions of Supreme Court Rules 603, and 604(a). 43 Ill.2d R. 603, 604(a).

The trial judge in holding section 1 of article IV unconstitutional relied upon the case of *People v. Fries,* 42 Ill.2d 446, wherein we held the section of the statute requiring the operator or passenger of a motorcycle to wear protective headgear to be unconstitutional. (Ill. Rev. Stat. 1967, ch. 95½, par. 189c(a).) The basis of the ruling in *Fries* was that this requirement operated only to secure the safety of the wearer of the headgear and was directed toward the safety of the individual rather than the safety of the public, thereby interfering with the private right of the individual, with no corresponding benefit to the public at large. See Annotation 32 A.L.R. 3d 1270.

The statute in the present case does not require that the life preservers be worn by anyone. The requirement is to the effect that there must be one such device readily accessible for each person on board. Whether or not an occupant of the boat chooses to wear such a device is a matter of personal choice. Similarly, should an accident catapult the operator or an occupant of the boat into the water, he would still be free to choose whether or not to accept the life-saving benefits of such a device. We cannot see in this statute any violation of the private rights of an individual or any restriction of his freedom. The legislature has, through the exercise of its police power, determined the necessity of this requirement. The legislation was clearly

designed to protect the safety of people who are in the boats and of the boating public in general. Since we find no violation of a constitutional right of an individual in this case, we do not deem it necessary to conjecture on the many ways in which the general welfare of the public as distinguished from the individual safety of the defendant is served.

We therefore hold that the Boat Registration and Safety Act under which this defendant was charged is a reasonable exercise of the police power of the State and is not in violation of the State or Federal constitutions as determined by the trial court. Accordingly, the judgment of the trial court dismissing the complaint is reversed and the cause is remanded.

*Reversed and remanded.*