**241 A.2d 625.**

STATE *ex rel.* RICHARD A. COLVIN *vs.* ANDREW J. LOMBARDI.

MAY 8, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. The defendant was charged in the second judicial district court with operating a motorcycle on a public highway in the town of Narragansett without wearing a helmet as required by P. L. 1967, chap. 27, now G. L. 1956, §31-10.1-4. Specifically it provides:

> "Operators of motorcycles, motor scooters and motor driven cycles shall wear helmets of a type approved by the registrar. Every motorcycle, motor scooter and motor driven cycle shall be equipped with a rear-view mirror. The registrar is hereby authorized to set forth rules and regulations governing the use of other equipment on such vehicles."

At the conclusion of the case for the prosecution, defendant moved to dismiss on the grounds that the statute in question is in derogation of the due process clauses of art. I, sec. 10, of the Rhode Island constitution, and art. XIV, sec. 1, of amendments to the United States constitution. Additionally, the motion challenged the statute as being ultra vires of the police power of the state.

The constitutionality of §31-10.1-4, having thus been brought into the case, the district court justice reserved decision as provided by G. L. 1956, §12-22-10, and the

case proceeded as further provided by the cited statute. At the close of the trial, the district court justice found defendant guilty·on the facts proven and, as further provided by §12-22-10, certified the constitutional questions thus raised to this court for our determination. In the order of certification they are:

1. Does G. L. 1956 31-10.1-4 authorize the Registrar of Motor Vehicles to make rules and regulations with respect to the type of helmet to be worn by motorcycle operators without sufficient standards, limitations and criteria?

2. If the answer to the aforesaid question is in the affirmative, does G. L. 1956 31-10.1-4 as promulgated by Public Laws of 1967, Chapter 27, contravene the due process of law provisions in Article I, Section 10, of the Rhode Island Constitution and Article XIV, Section 1, of the Amendments to the United States Constitution?

3. Does G. L. 1956 31-10.1-4, as promulgated by Public Laws of 1967, Chapter 27, constitute an improper exercise of the police power of this State in attempting to protect people from the consequences of their own carelessness in failing to wear protective head gear?

The question last in order of certification is first to command our attention. Obviously, an affirmative answer to that question would render the other questions academic. However, it is our unqualified judgment that the purpose sought to be achieved by requiring cyclists to wear protective headgear clearly qualified as a proper subject for legislation.

The defendant's contention to the contrary presupposes that protection for the motorcycle operator was the sole motivation for the general assembly's action. Even if this were so, we are not persuaded that the legislature is powerless to prohibit individuals from pursuing a course of conduct which could conceivably result in their becoming public charges. Be that as it may, however, the require-

ment of protective headgear for the exposed operator bears a reasonable relationship to highway safety generally. It does not tax the intellect to comprehend that loose stones on the highway kicked up by passing vehicles, or fallen objects such as windblown tree branches, against which the operator of a closed vehicle has some protection, could so affect the operator of a motorcycle as to cause him momentarily to lose control and thus become a menace to other vehicles on the highway.

It is fundamental that an act of the legislature commands judicial approval if on any reasonable view such act is designed and intended to protect the public health, safety and morals. *Avella* v. *Almac's Inc.*, 100 R. I. 95, 211 A.2d 665.

The remaining two questions raise a single issue, namely, assuming a valid purpose to be served, is §31-10.1-4 so lacking in standards as to constitute an unlawful delegation of the police power to the registrar of motor vehicles? If defective in this regard, defendant correctly contends that the challenged section works so as to deny him the constitutional guarantees of due process. He cites a number of cases to this effect, but since we cannot agree that the statute is an arbitrary grant of legislative power, we perceive no reason to record them here.

It is defendant's position that by the broad terms employed, the general assembly has purported to authorize the motor vehicle registrar to promulgate rules or regulations calling for a helmet composed of such materials as "glass, paper maché, or concrete," and so, useless for purposes of safety. Indeed, he further argues, the registrar could, pursuant to the authority granted, require the use of a helmet of such composition and so constructed as to serve only a decorative purpose.

The necessity for cloaking a delegation of legislative power with standards sufficient to confine the exercise of that power to the public welfare sought to be served is

elementary. However, that the legislature has done so in a given case must be resolved in favor of constitutional validity when the language of the challenged act is reasonably open to such construction. *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Bd.,* 81 R. I. 186, 100 A.2d 652.

Here we conclude that the word "helmet" becomes a word of art when it identifies with a specific use. Thus, police, firemen, or football helmets conform to known and approved standards and are not open to uncertainty of meaning or use. Equally definitive, we think, is the limitation placed on the registrar by the general assembly when the word "helmet" is considered in the context of §31-10.1-4. Were the registrar to misconceive the scope or purpose of his delegated authority, and so doing, promulgate rules and regulations unreasonably related to the legislative purpose, a different question would arise, but no such unwarranted exercise of power is asserted.

We conclude, therefore, that all questions are answered in the negative and the case is remitted to the second judicial district court.

*Herbert F. DeSimone,* Attorney General, *James O. Watts,* Town Solicitor of the Town of Narragansett, for plaintiff.

*Aram K. Berberian,* for defendant.