Rescript Opinions.

HENRY A. GRANGER vs. EDNA BIGLER, trustee. June 4, 1968. The plaintiff in this action of tort seeks to recover for personal injuries allegedly suffered in a fall on ice on premises of the defendant. The plaintiff, while proceeding to work sometime around seven thirty on a Saturday morning, slipped on ice which had accumulated during the night on steps on the front porch of premises in which he was a tenant of the defendant. The steps had been clear and dry when the plaintiff returned from work at about 7 P.M. on the previous evening. The plaintiff's declaration is in one count alleging negligence. The plaintiff excepts to the granting of the defendant's motion for a directed verdict at the close of evidence adduced before a judge and jury. No agreement is shown obliging the defendant to remove natural accumulations of ice from a passageway. *Spack* v. *Longwood Apartments, Inc.* 338 Mass. 518. *Cairns* v. *Giumentaro*, 339 Mass. 675, 678. While the defendant and her father had occasionally removed snow and ice from the steps and the walk, this was a gratuitous undertaking. In any event, the accumulation which caused the plaintiff's fall appeared during the night without the defendant knowing about it, and the plaintiff sustained his fall early in the morning before the defendant had arisen. There is nothing to indicate that the defendant should have been aware of the presence of ice on the porch.

*Exceptions overruled.*

*John F. Keenan* for the plaintiff.
*William T. Talcott, Jr.*, for the defendant.

COMMONWEALTH vs. ROBERT H. HOWIE, JR. June 5, 1968. The defendant appeals from a finding of guilty of violating G. L. c. 90, § 7, for not wearing protective headgear while operating a motorcycle. Upon appeal from a finding in the District Court the case was heard by a judge sitting without jury in the Third District Court of Eastern Middlesex under St. 1964, c. 628. The defendant filed a written motion to dismiss which was denied, and he was again found guilty. The defendant excepts to the denial of his motion to dismiss. There was no error. General Laws c. 90, § 7, requires every person operating or riding a motorcycle to wear protective headgear conforming with certain minimum standards. It lies within the power of the Legislature to adopt reasonable measures for the promotion of safety upon public ways in the interests of motorcyclists and others who may use them. *Commonwealth* v. *Boston & Maine Transp. Co.* 282 Mass. 345, 348. The act of the Legislature bears a real and substantial relation to the public health and general welfare and is thus a valid exercise of the police power. *Coffee-Rich, Inc.* v. *Commissioner of Pub. Health*, 348 Mass. 414, 422. As contended by the Commonwealth, "[t]he legislation is reasonable, applies to all equally, and is directly related to highway safety." See *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695, 700. A recent Michigan decision to the contrary is not persuasive. On this general subject we find ourselves in agreement with *Colvin* v. *Lombardi*, 241 Atl. 2d 625 (R. I.).

*Exceptions overruled.*

*Esther M. Stevens* for the defendant.
*Ruth I. Abrams*, Assistant District Attorney, for the Commonwealth.