(No. 41624.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DONALD FRIES, Appellant.

*Opinion filed May 28, 1969.*

JOHN R. SPRAGUE, JR. and BERNARD Y. YSURSA, both of Belleville, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROLAND W. GRIFFITH, JR., State's Attorney, of Edwardsville, (FRED G. LEACH, Assistant Attorney General, and JOHN M. DUNCAN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Donald Fries was charged with and convicted of the offense of operating a motorcycle without wearing protective headgear in violation of section 92.03 of the U.A.R.T. in the Madison County circuit court. Ill. Rev. Stat. 1967, ch. 95½, par. 189c.

He appeals directly to this court under Rule 603 (Ill. Rev. Stat. 1967, ch. 110A, par. 603) since a question arising under the constitutions of the United States and of this State has been presented.

There is no dispute as to the facts. Appellant was operating a motorcycle on a public highway of this State without wearing protective headgear. The applicable portion of the statute under which the charge was lodged reads as follows: "The operator of a motorcycle and every passenger thereon must wear protective headgear. The Department of Public Safety shall determine the standards for this equipment and such standards may not be less than those established by the United States Department of Transportation." Ill. Rev. Stat. 1967, ch. 95½, par. 189c(a)).

The limited question presented is whether the authority of the State, acting under its police powers, permits the regulation of the person of a motorcyclist by requiring the

wearing of protective headgear. Appellant has argued that the statute should be struck down as legislation against a class. Indeed, the legislature has made a classification among the operators of motor vehicles, but a classification of one sort or another is frequently essential to regulatory legislation, including quasi-criminal statutes. The critical query is whether or not the classification is unreasonable and invidious. *Cf. Moore* v. *County Board of School Trustees,* 10 Ill.2d 320, and cases collected therein.

The classification of motorcyclists separately from operators of other vehicles has a reasonable basis. The differences are evident and need no elucidation at this point. Furthermore, the statute in question applies in exactly the same manner to all persons riding on motorcycles. We find that the statutory classification is reasonable and does not violate the equal-protection clause of the fourteenth amendment to the Federal constitution.

Appellant further argues that the statute in issue is "unduly restrictive upon the individual freedom for a motorcyclist to choose to wear or to not wear a helmet." The essence of this argument is that the statute is intended only to secure the safety of the wearer of the headgear in the event of an accident, and if it is directed toward the safety of the individual rather than the safety of the public, then the statute is beyond the authority of the legislature acting under its police powers.

If the evil sought to be remedied by the statute affects public health, safety, morals or welfare, a means reasonably directed toward the achievement of those ends will be held to be a proper exercise of the police power. (*Chicago Real Estate Board* v. *City of Chicago,* 36 Ill.2d 530.) However, "The legislature may not, of course, under the guise of protecting the public interest, interfere with private rights." *People* v. *City of Chicago,* 413 Ill. 83, 91.

Statutes similar to the one in question have been tested in other jurisdictions. In Rhode Island (*State ex rel. Colvin*

v. *Lombardi,* 241 A.2d 625), the court held that the legislation was justified in order to assure that flying stones or other wind-blown objects would not strike the operator and cause a momentary loss of control of the vehicle which could then endanger other traffic. Accord, *Commonwealth* v. *Howie* (Mass.), 238 N.E.2d 373; *State* v. *Odegaard* (N.D.), 37 L.W. 2537; *Connecticut* v. *Burzycki* (Conn.), 37 L.W. 2448.

In Michigan, (*American Motorcycle Ass'n* v. *Davids,* 11 Mich. App. 351, 158 N.W.2d 72) the court held a statute requiring a "crash helmet" for both operator and passenger to be unconstitutional. Likewise in Louisiana, (*Everhardt* v. *City of New Orleans,* 208 So. 2d 423) the court struck down a statute calling for operators and passengers to wear "safety helmets".

Our statute requires both the operator and each passenger on a motorcycle to wear protective headgear. In the case of a passenger it is clear that the "protective headgear" serves no function of safeguarding the motoring public. The helmet would presumably prevent cranial injuries, or lessen their severity, for the wearer; but its effect on other motorists is most obscure.

The appellant, however, was operating the motorcycle when arrested. In order to determine the purpose and function of the statute in regard to an operator, the entire statutory plan must be considered.

The subsection immediately following that under which the appellant was charged sheds light on the legislative intent. That subsection reads as follows: "In addition [to protective headgear] the operator of a motorcycle and every passenger thereon shall be protected by glasses, goggles, or a transparent shield." Ill. Rev. Stat. 1967, ch. 95½, sec. 189c(b).

There is a distinct possibility that flying insects or wind-blown objects could strike an operator and cause him to lose control of his motorcycle. Legislation intended to protect

persons in other vehicles from the danger created by a motorcycle out of control is within the police power of the State.

The Illinois statute contains two requirements: "protective headgear," and a transparent shield or goggles. The question of the constitutionality of a requirement that a motorcyclist wear goggles or that the vehicle be equipped with a transparent shield is not before us. Such a provision is meant to insure that an operator's vision will not be impaired and that the public safety will not be jeopardized.

When we consider both of these sections together, the legislative intent becomes clear. The manifest function of the headgear requirement in issue is to safeguard the person wearing it—whether it is the operator or a passenger—from head injuries. Such a laudable purpose, however, cannot justify the regulation of what is essentially a matter of personal safety.

We express no opinion on the requirements of subsection (b) and have referred thereto merely for purposes of accurately construing the legislative intent of subsection (a) under which the appellant was charged.

We hold that portion of the statute under which appellant was convicted (Ill. Rev. Stat. 1967, ch. 95½, par. 189c(a)) to be beyond the police power of the legislature, in violation of section 2 of article II of the constitution of the State of Illinois and of the fourteenth amendment to the constitution of the United States, and therefore unconstitutional. Accordingly the conviction is reversed.

*Judgment reversed.*