### Estate of Ethel M. Barslow

[260 A.2d 374]

No. 47-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 2, 1969

*Williams & Williams,* Poultney, for the Shriners Hospital for Crippled Children, Appellant.

*Rosenberg & Rosenberg,* Burlington, for the Estate.

*Lisman & Lisman,* Burlington, for Eva B. Culver.

**Shangraw, J.** Ethel M. Barslow, a single person, late of Lincoln, County of Addison and State of Vermont, executed her Last Will and Testament on May 25, 1960. The subject matter of this Will which has prompted this litigation and appeal reads:

> FOURTH: I give, devise and bequeath unto the Board of Trustees of the Shriners Hospital for Crippled Children located in Springfield, Massachusetts and their successors and officers, twenty-five (25) of the shares of American Telephone and Telegraph Company Stock now owned by me, upon the following conditions:

The will continued by providing that the foregoing be held in trust by the Board of Trustees of the Shriners Hospital for Crippled Children with power to invest and reinvest the corpus of the trust in any high grade investment security. The will further stated that only the income derived therefrom be used for the operation and maintenance of this hospital.

In April, 1964 the American Telephone and Telegraph Company caused its outstanding stock to be split two shares for one; i.e., two shares were issued for each outstanding share of

194

stock. Following the split the value of a share of stock was reduced from approximately $150.00 to between $72.00 and $75.00.

Miss Barslow deceased January 30, 1966. At the time of her death, one of the assets of her estate consisted of 150 shares of American Telephone and Telegraph Company stock. By a decree of distribution of the Probate Court for the District of Addison dated November 7, 1966, 25 shares were decreed to the Trustees of the Shriners Hospital for Crippled Children, and the remaining 125 shares unto a named residuary legatee in the will.

The hospital duly appealed from the decree to the Addison County Court. Findings of fact were filed by the county court followed by a judgment order dated March 25, 1969 affirming the decree of the Probate Court for the District of Addison. From this judgment order, the appellant, Shriners Hospital for Crippled Children, has appealed to this court for review.

The appellant contends that it is entitled to a decree of fifty shares, (50) of the stock of American Telephone and Telegraph Company, and also approximately Three Hundred Forty Dollars ($340.00) which represents dividends declared on the fifty shares of stock since the death of the testatrix.

An owner of stock in a corporation acquires a fractional interest in the capital stock, assets, profits, and liabilities of the corporation. 18 Am.Jur.2d Corporations, section 486. By the stock split the testatrix's equity in the assets of the corporation was not in any way diminished or increased.

It is apparent that at the time the testatrix made her will that each share of stock bequeathed to the appellant represented an aliquot part of the total net assets of the corporation. The action on the part of the corporation by the stock split-up did not increase the net assets. The same equity of the testatrix in the corporation which theretofore had been represented by one share of the old stock was thereafter represented by two shares of the new stock. The net result is that her interest and equity in the corporation, as evidenced by the old stock, remained the same in substance, although not in form, by the new issue.

This leads us to the following question. Does the appellant take fifty shares of the new stock which represents the 25 shares of the old stock? Does it take two shares in place of the

one share which existed at the time the Last Will and Testament was executed by the testatrix?

■  A will ordinarily speaks as of the time of the testator's death. *In re Estate of Valiquette*, 122 Vt. 350, 365, 173 A.2d 832. The operation of a bequest of personal property is referred to the condition of that property at the death of the testator. The will speaks as of that time. *In Re Barrow's Estate*, 103 Vt. 501, 514, 156 A. 408.

■  We hold that a stock split which directly results in a reduction of the market value per share of the original securities which were the subject of a bequest, does not result in a reduction of the substance of a bequest, unless a contrary intention on the part of the testator appears. Such split should not produce a depreciation in the value of the legacy, and so, the legatee is entitled to the increased number of shares in addition to those bequeathed. *In Re Estate of Joseph Marks*, 435 Pa. 155, 255 A.2d 512; See, Annotation, 7 A.L.R.2d pages 281–286.

Other jurisdictions which have considered the instant issue have not been unanimous in their views; however, the more recent case law would award the fruits of the stock split to the legatees to whom stock gifts were provided in the will. See, *In Re Estate of Marks, supra,* and cases therein cited.

For cases holding that a stock split-up is a mere change in form and not in substance, and that additional shares pass under a specific bequest of original shares, see *Re Vail's Estate* (Fla.) 67 So.2d 665; *Fidelity Title & Trust Co.* v. *Young,* 101 Conn. 359, 125 A. 871, 172 A.L.R. 371; *Chase National Bank* v. *Deich Miller,* 107 N.J. Eq. 379, 152 A. 697, 172 A.L.R. 371; *In Re Parker's Estate,* (Fla. App.) 110 So.2d 498, 7 A.L.R.2d. Later Case Service page 674.

Appellant is entitled to a decree of fifty shares of stock of the American Telephone and Telegraph Company.

During the hearing before the Addison County Court, the executor, an attorney, of the Last Will and Testament of the testatrix was called as a witness and testified to the following. After the stock split the testatrix called at his office and made inquiry as to whether or not the will would operate and be "read as of the date of her death, or as of some prior date."

She was advised that it would be "read as of the date of her death" and that the hospital would receive, under the terms of the will, only twenty-five (25) shares of the American Telephone and Telegraph Company stock. Other testimony of this witness of like import was admitted subject to the objection of the appellant. Appellant urges error by the receipt of the foregoing testimony concerning the legal effect of the bequest in question. We agree with appellant's view.

The court determined by its findings that "There appears to be no repugnancy or conflict in the provisions of the testatrix's will; the legacy to the appellant hospital is clearly spelled out."

■ ■ Extrinsic evidence was not admissible either to show that the testatrix misunderstood the legal meaning of the will or was mistaken as to the import of unambiguous language. 57 Am.Jur. Wills, section 1046. Such evidence is never admissible for the purpose of enlarging or diminishing the estate or interest devised, or to vary the legal effect of the language of the will in this respect. 57 Am.Jur. Wills, section 1051. *Wells* v. *Estate of Wells*, 37 Vt. 483, 486, 94 A.L.R. 37.

■ As found by the court below, there appears no ambiguity, hence we should not resort to canons of construction in an attempt to unravel what needs no unraveling. *In re Estate of Mattison*, 122 Vt. 486, 488, 177 A.2d 230. In construing a will the first and chief object is to ascertain the intention of the testator from the language used, since, so far as it may be legally carried out, that governs. *In re Estate of Houghton*, 118 Vt. 228, 232, 105 A.2d 257. It is the court's duty to declare and enforce testator's lawful intention ascertained from the will itself. *Ripley* v. *Benjamin*, 111 Vt. 76, 79, 10 A.2d 205.

The judgment order was issued by the Addison County Court on March 25, 1969. As of the latter date the declared and accumulated dividends amounted to Three Hundred and Forty Dollars ($340.00) on fifty shares of the stock in question since the demise of the testatrix.

■ We are, of course, uninformed as to whether additional dividends on these shares have since been declared. We hold that appellant is entitled to receive all dividends on the

fifty shares declared after the death of the testatrix and until final decree issues. See 19 Am.Jur.2d Corporations, section 897.

*The judgment of the county court is reversed and the cause is remanded for a new judgment order consistent with the views expressed in the opinion. Let the result be certified.*