The State of Ohio, Appellee, *v.* Stouffer, Appellant.

(Nos. 71-107 and 71-108—Decided July 27, 1971.)

*Mr. John C. Young,* city attorney, *Mr. Thomas S. Erlenbach* and *Mr. Daniel Johnson,* for appellee.
*Mr. John W. Leibold,* for appellant.

Reilly, J. This is an appeal from a sentence and judgment of the Franklin County Municial Court, entered on December 28, 1970.

The facts are that appellant was given a citation by State Highway Patrolman G. H. Jones on May 31, 1969. At that time, he was wearing a cloth-type fabric cap, described as "a motorcycle dress cap." Patrolman Jones testified that he cited appellant for "wearing no helmet" while riding a motorcycle. This citation was consolidated with another issued June 11, 1969, by Patrolmen James E. Crawford and Roger Barrow of the Columbus Police Department. Patrolman Crawford testified that he also cited appellant for "no helmet."

The cases were heard by the Franklin County Municipal Court, on December 5, 1969. The trial court found the defendant guilty as charged in both cases.

230

Appellant advances two assignments of error. The first is the following:

"The Municipal Court erred to the prejudice of defendant-appellant in convicting defendant-appellant of a violation of Section 4511.53 Revised Code where the rules of the Director of Highway Safety adopted pursuant to that statute are shown to be invalid because the Director of Highway Safety failed to cause the text of the rules to be filed in the office of the Secretary of State thirty days before the hearing, where the hearing was conducted by a State Highway Patrol officer and not by the Director of Highway Safety, where the Director of Highway Safety failed to adopt the rules and fix the effective date by written order and where the Director of Highway Safety failed to cause a certified copy of the order to be filed in the office of the Secretary of State after adoption, and the Municipal Court further erred to the prejudice of defendant-appellant by convicting him of violation of Section 4511.-53 Revised Code without considering the invalidity of the rules adopted by the Director of Highway Safety."

R. C. 4511.53 reads, in pertinent part, as follows:

"No person shall operate a motorcycle on a highway, or be a passenger on a motorcycle, unless wearing a protective helmet on his head, with the chin strap properly fastened, and using safety glasses or other protective eye device. Such helmet, safety glasses, or other protective eye device shall conform with regulations prescribed and promulgated by the Director of Highway Safety. The provisions of this paragraph or a violation thereof shall not be used in the trial of any civil action."

R. C. 4511.76(B), concerning Department of Highway Safety regulation of school buses, however, provides:

"(B) The Department of Highway Safety shall adopt and enforce such regulations as relate to the safety of the construction, design, equipment, and operation of all school buses not subject to the regulations of the Department of Education pursuant to division (A) of this section. *Such regulations shall be adopted pursuant to Chapter 119 of the Revised Code.*" (Emphasis added.)

Thus the maxim, *expressio unius est exclusio alterius*, is applicable, to wit, "where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are affirmatively or negatively designated, there is an inference that all omissions were intended by the Legislature." 2 Sutherland Statutory Construction (3 Ed.), 412, Section 4915. There is no provision in R. C. 4511.53 that regulations shall be adopted pursuant to Chapter 119 of the Revised Code; but there is, as an example, such a provision in R. C. 4511.76 (B). Therefore, R. C. Chapter 119 is not applicable in this case.

The following is written in 50 Ohio Jurisprudence 2d 240, Statutes, Section 255:

"In construing a law of doubtful meaning or application, the policy which induced its enactment, or which was designed to be promoted thereby, is a proper subject for judicial consideration and cognizance, whether or not the court approves the policy. Unless precluded by its language, the statute should be given effect in furtherance of the policy it was designed to introduce or assist. Accordingly, a construction should be avoided which would defeat the policy of the statute."

Further, paragraph one of the headnotes in *Middletown* v. *City Comm.* (1939), 29 Ohio Law Abs. 625, states:

"In determining whether a constitutional provision is self-executing, the general rule is that courts will consider the language used, the objects to be accomplished and the surrounding circumstances."

The defendant was cited for not wearing a helmet. The intent of the statute is clear: A person must wear a helmet while operating a motor vehicle. The arresting officers both testified that they cited appellant for failing to wear a helmet. It was also stipulated and admitted by appellant that he was not wearing a helmet when arrested. Moreover, appellant admitted that he owned and possessed crash helmets at the time the citations were issued.

Webster's Third New International Dictionary defines "helmet" as "any of various protective head coverings usually made of a hard material (as metal, heavy

leather, fiber) to resist impact and supported by bands that prevent direct contact with the head for comfort and ventilation." The soft cap appellant was wearing is not included in that definition. The sufficiency of a helmet is an issue within the terms of the statute. There is no issue where there is no helmet whatsoever.

Therefore, for the foregoing reasons, appellant's first assignment of error is not well taken.

Appellant's second assignment of error is as follows:

"The Municipal Court erred to the prejudice of defendant-appellant in holding Section 4511.53 Revised Code constitutional."

The "police power" of a state is the broad, inherent power of the General Assembly to prescribe regulations which promote the education, health, safety, peace, morals and general welfare of the community. To implement this power,

"* * * a large discretion is necessarily vested in the Legislature to determine, not only what the interests of the public require, but what measures are necessary for the protection of such interests. * * * To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose * * *." *Lawton* v. *Steele* (1894), 152 U. S. 133, 136.

The state of Ohio has jurisdiction to enact legislation to promote the health, safety, welfare and morals of the public. *Berman* v. *Parker* (1954), 348 U. S. 26. Such a statute must be reasonable and bear a substantial relationship to this purpose. *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103. This requirement does not prohibit regulation, but, establishes a standard to determine whether the means used conforms to due process within the Fifth and Fourteenth Amendments to the United States Constitution. *Nebbia* v. *New York* (1934), 291 U. S. 502. The court shall look to probability, rather than remote possibility, in determining rationality. *Burnet* v. *Wells*, 289 U.

S. 670. Moreover, there is a traditional presumption favoring the constitutionality of a statute. *Ashwander* v. *Tennessee Valley Authority* (1936), 297 U. S. 288, 354.

The Court of Appeals for Seneca County, in the case of *State* v. *Craig* (1969), 19 Ohio App. 2d 29, at page 33, wrote as follows:

"We believe that with the great increase of motorcycles on the highways, a motorcyclist who loses control of his vehicle because he is struck on his bare head by an object, constitutes a hazard to other users of the highway who may be struck by a motorcycle which has gone out of control.

"We are, therefore, of the opinion that the statute here involved bears a real and substantial relation to the public health and general welfare and is thus a valid exercise of the police power and constitutional."

In the rationale of this case, the state of Ohio has a legitimate concern for the protection of a motorcyclist and passenger when using public roads. The legislation is reasonably related to reducing deaths and injuries. The motorcycle operator and passenger are susceptible to greater danger on modern highways than other motor vehicles. This type vehicle provides less protection for the driver and passenger. Further, there are human effects of personal losses, as well as economic consequences, such as time lost from work, increased insurance rates and property damage, among others.

Accordingly, appellant's second assignment of error is not well taken.

The judgments of the trial court are affirmed.

*Judgments affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.