**STATE of Delaware, Plaintiff,**

v.

**David D. BRADY, Defendant.**

Superior Court of Delaware,
New Castle.

March 24, 1972.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff.

David D. Brady, pro se.

## OPINION

WRIGHT, Judge.

The defendant has been charged with a violation of 21 Del.C § 4182(b). He challenges the constitutionality of this statute which provides as follows:

> "Every person operating or riding on a motorcycle shall wear a safety helmet and eye protection approved by the Motor Vehicle Commissioner."

Specifically the defendant contends the statute results in an abridgement of his liberty in violation of the Fourteenth Amendment to the Constitution of the United States.

In support of his position he cites, *inter alia*, In re Morgan, 26 Colo. 415, 58 P. 1071 (1898); People v. Carmichael, 53 Misc.2d 584, 279 N.Y.S.2d 272 (1967) and the dissenting opinion in Everhardt v. New Orleans, La., 217 So.2d 400 at p. 404 (1968).

The first of the above cited cases stands for the general proposition that the State abuses the exercise of its police power when it exacts a law which has as its sole object protection of the welfare of the person whose act is prohibited.

The *Carmichael* case and the dissent in the *Everhardt* case hold that a statute similar to the one in question here is unconstitutional due to this general proposition.

Many other Courts have held such a statute a proper exercise of the police power of the state as did the majority in *Everhardt*.

Unquestionably, the purpose of the statute is to protect motorcyclists and their passengers from head injuries. The suggestion has been made that the statute also insures that a motorcyclist will not get a foreign object in his eye and lose control of his vehicle. While this may be true it can hardly be said to have been one of the purposes of the statute especially since the statute applies to passengers as well as operators. Whether or not the statute accomplishes the stated purpose is not within the scope of this opinion. Assuming that it does, the question is: What public purpose is accomplished?

Those who have felt such a statute to be unconstitutional have placed much emphasis on the fact that the statute protects only those whose conduct is proscribed.

Concededly a helmeted motorcyclist will be involved in no less accidents than one who is helmeted. The statute attempts to reduce the seriousness of injury after an accident.

A serious injury upon a public highway, as opposed to a minor one may well create a major traffic hazard. The State has a direct interest in the smooth uninterrupted flow of traffic upon its highways and in easing the burden placed upon its law enforcement personnel when a serious injury accident occurs.

Moreover, one of the stated purposes of the Constitution of the United States is to ". . . promote the General Welfare . . .". The General Welfare is hardly promoted if persons are needlessly injured and unable to support or care for their families or are burdens upon them.

I reiterate what I have stated above. I take no position upon the wisdom of the statute in accomplishing its apparent purpose. That is a legislative matter. I hold only that the statute is directed toward a proper public purpose, is not unreasonable and not unconstitutional.

The defendants case should now be scheduled for trial.

It is so ordered.