**Charles SIMON, Plaintiff,**

**v.**

**Francis SARGENT, Governor of the Commonwealth of Massachusetts, et al., Defendants.**

**No. 72–558–LC.**

United States District Court,
D. Massachusetts.

June 28, 1972.

---

Joseph S. Oteri, Crane, Inker & Oteri, Martin Weinberg, Boston, Mass., for plaintiff.

Charles Mark Furcolo, Robert J. Condlin, Asst. Atty. Gen., and Robert H. Quinn, Atty. Gen. of Mass., Boston, Mass., for defendants.

Before ALDRICH, Circuit Judge, and JULIAN and CAMPBELL, District Judges.

PER CURIAM.

Asking us to disregard a very considerable weight of authority, *see, e.g.,* Love v. Bell, 1970, 171 Colo. 27, 465 P.2d 118; State v. Laitinen, 1969, 77 Wash. 2d 130, 459 P.2d 789, cert. denied 397 U.S. 1055, 90 S.Ct. 1397, 25 L.Ed.2d 671; Bisenius v. Karns, 1969, 42 Wis.2d 42, 165 N.W.2d 377, appeal dismissed for lack of substantial federal question, 395 U.S. 709, 89 S.Ct. 2033, 23 L.Ed.2d 655, plaintiff seeks a declaratory judgment that a state cannot constitutionally require unwilling motorcyclists to wear protective headgear. Mass. G.L. c. 90, § 7, upheld in Commonwealth v. Howie, 1968, 354 Mass. 769, 238 N.E.2d 373, cert. denied 393 U.S. 999, 89 S.Ct. 485, 21 L.Ed.2d 464. Plaintiff claims, basically, that the statute violates the due process clause of the fourteenth amendment because the subject matter of the enactment lies beyond the reach of the state's police power. The thrust of his position is that the police power does not extend to overcoming the right of an individual to incur risks that involve only himself. "The prevention of risk to oneself is no public purpose." For this proposition he quotes John Stuart Mill, Essay on Liberty (1859), "The only part of the conduct of anyone, for which he is amenable to society, is that which concerns others." And again, Ernst Freund, The Police Power, Public Policy

& Constitutional Rights (1904), "Freedom of choice, if that choice does not affect the public welfare . . . ."

■ We may stop right there. Assuming these principles do sketch the constitutional limits of governmental competency, plaintiff cannot claim protection under them, at least in present day society. For. while we agree with plaintiff that the act's only realistic purpose is the prevention of head injuries incurred in motorcycle mishaps, we cannot agree that the consequences of such injuries are limited to the individual who sustains the injury. In view of the evidence warranting a finding that motorcyclists are especially prone to serious head injuries, see Statistical Division, National Safety Council, 1971 Motorcycle Facts, the public has an interest in minimizing the resources directly involved.* From the moment of the injury, society picks the person up off the highway; delivers him to a municipal hospital and municipal doctors; provides him with unemployment compensation if, after recovery, he cannot replace his lost job, and, if the injury causes permanent disability, may assume the responsibility for his and his family's continued subsistence. We do not understand a state of mind that permits plaintiff to think that only he himself is concerned.

■ Contending, alternatively, that wearing a helmet exposes the rider to certain safety risks, plaintiff argues that the legislature erred in concluding that the protective qualities of the headgear justified its requirement for all motorcyclists. Viewing all of the evidence offered in the appendix to this case, we could not conclude that the legislature was unreasonable in linking protective headgear to safer motorcycling. In particular, we note one study that cogently demonstrates the fact that motorcycle fatalities vary with the presence or absence of headgear legislation. United States Department of Transportation, National Highway Safety Bureau, Staff Memorandum on the Analysis of Fatal Motorcycle Crashes in the United States, 1966–1970.

■ Finally, we see no merit in plaintiff's claim that the statute denies him the equal protection of the laws. It is not difficult to discern a rational basis for the legislature's distinction between motorcyclists and, for example, automobile drivers, whose vehicle affords them substantially more protection than does a motorcycle. *See* People v. Fries, 1969, 42 Ill.2d 446, 250 N.E.2d 149; Arutanoff v. Metropolitan Government, 1969, 223 Tenn. 535, 448 S.W.2d 408.

Complaint dismissed.

---

* Our decision does not rest broadly, as have some others, on the state's generalized assertion of an interest in the continued productivity of its citizenry. *See* Commonwealth v. Coffman, 1970, 453 S.W.2d 759 (Ct.App.Ky.); People v. Carmichael, 1968, 56 Misc.2d 388, 288 N.Y.S.2d 931 (Genesee Co., N.Y., Ct.).