298 A.2d 141.
STATE *vs.* ANDREW J. LOMBARDI.
STATE *vs.* GERARD E. LUTYE.

DECEMBER 29, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   These two criminal appeals were heard together before a justice of the Superior Court sitting without a jury.   Each defendant was charged with operating a motorcycle on the public highways of this state without wearing a helmet as required by P. L. 1967, ch. 27, now G. L. 1956 (1968 Reenactment) §31-10.1-4.[1]   It was stipulated during the trial that each defendant did operate a motor vehicle on a public highway[2] on the day charged without wearing a helmet.   The state offered in evidence the regulation promulgated by the registrar of motor vehicles prescribing the type of helmet to be worn.   The trial justice admitted the regulations over defendants' objections and found them guilty as charged.   Each defendant has prosecuted a bill of exceptions to this court.

The regulations involved in this case were filed in the De-

---

[1]General Laws 1956 (1968 Reenactment) §31-10.1-4, as enacted by P. L. 1967, ch. 27, which was approved on April 4, 1967, reads as follows:

"Equipment.—Operators of motorcycles, motor scooters and motor driven cycles shall wear helmets of a type approved by the registrar. Every motorcycle, motor scooter and motor driven cycle shall be equipped with a rear-view mirror. The registrar is hereby authorized to set forth rules and regulations governing the use of other equipment on such vehicles."

[2]Mr. Lombardi was charged with violating the statute on August 6, 1967, in the town of Narragansett and Mr. Lutye was charged with such violation on September 8, 1967, in the town of North Kingstown.

partment of State, office of the Secretary of State, on June 1, 1967. They read, in pertinent part, as follows:

"Final Copy

"Pursuant to the General Laws of 1956, as amended, and Chapter 27 of the Public Laws of 1967, the following are the regulations established by the Registrar of Motor Vehicles for the State of Rhode Island in reference to equipment and inspection for the operation of motorcycles, motor scooters and other motor-driven cycles. These regulations shall become effective upon final publication of this notice.

\* \* \*

"C. Equipment:

\* \* \*

"13. *Helmets.*—Operators of motorcycles, motor scooters and motor-driven cycles shall wear helmets meeting the standards and specifications as set forth by the Snell Memorial Foundation, the United States Standards Institute (formerly ASA) and the State of New York. Each helmet herein approved shall be labeled on the outside of the helmet with the manufacturer's trade name or model name or number which shall be the same name or number under which the helmet has been approved. Any protective helmet in the possession of the operator of the motorcycle, motor scooter or motor-driven cycle or any helmet in retail stock on or before March 31, 1967 sold to a consumer on or before June 30, 1967 shall receive approval of the Registrar provided it meets the above standards."

The narrow issue presented by both cases involves the validity of the regulations promulgated by the registrar of motor vehicles. The defendants have raised this question by their exception to the trial justice's ruling allowing the introduction of the regulations as an exhibit.

## I

The defendants' argument, that the regulations promulgated by the registrar of motor vehicles on June 1, 1967, are invalid because they were promulgated pursuant to an unconstitutional statute, is without merit. This question was decided adversely to the defendant in *State ex rel. Colvin* v. *Lombardi*, 104 R. I. 28, 241 A.2d 625 (1968), where this court held that the statute authorizing the registrar of motor vehicles to prescribe the types of helmets permitted was not an improper exercise of the police power, and, that the term "helmet" was sufficiently definite in context so that there was no improper delegation.

## II

The defendants' next assignment of error is that the regulations promulgated on June 1, 1967, are invalid because there was no public hearing prior to their promulgation and adoption. For the reasons which follow, we hold that this argument is also without merit. Procedures for adoption of rules under the Administrative Procedures Act are set forth in G. L. 1956 (1969 Reenactment) §42-35-3, the pertinent portions of which read as follows:

> "(a) Prior to the adoption, amendment, or repeal of any rule the agency shall:
> (1) give at least twenty (20) days' notice of its intended action. The notice shall include a statement of either the terms or substance of the intended action or a description of the subjects and issues involved, and of the time when, the place where, and the manner in which interested persons may present their views thereon. The notice shall be mailed to all persons who have made timely request of the agency for advance notice of its rule-making proceedings, and published in a newspaper or newspapers having aggregate general circulation throughout the state, provided, however, that if said action is limited in its applicability to a particular area, then said publication may be in a newspaper having general circulation in said area.

(2) afford all interested persons reasonable opportunity to submit data, views, or arguments, orally or in writing. In case of substantive rules, opportunity for oral hearing must be granted if requested by twenty-five (25) persons, or by a governmental subdivision or agency, or by an association having not less than twenty-five (25) members. The agency shall consider fully all written and oral submissions respecting the proposed rule. Upon adoption of a rule, the agency, if requested to do so by an interested person, either prior to adoption or within thirty (30) days thereafter, shall issue a concise statement of the principal reasons for and against its adoption, incorporating therein its reasons for overruling the considerations urged against its adoption.

\* \* \*

"(c) No rule hereafter adopted is valid unless adopted in substantial compliance with this section, but no contest of any rule on the ground of non-compliance with the procedural requirements of this section may be commenced after two (2) years from its effective date."

Section 42-35-3(a)(1) requires that twenty days' notice of intended action must be mailed to all persons who make a timely request and that said notice be published in a newspaper or newspapers with a general circulation throughout the state in a case such as this. There is nothing in the evidence indicating that any requests for such notices were sent to the registrar, but there is evidence that notice of the proposed regulations was published in the form of advertisements on June 1, 1967, in two newspapers of general circulation, the Providence Journal and the Pawtucket Times. Photocopies of these notices are in evidence and the legal notice in the Pawtucket Times indicates that the notice was published on May 18, May 25 and June 1, 1967. It is evident that there has been substantial compliance with this specific section.

As we understand their argument, defendants are not

contending that the registrar has failed to comply with §42-35-3(a)(1). Rather, the main thrust of their challenge is based on the fact that there was no hearing.

Section 42-35-3(a)(2) provides in part that

"In case of substantive rules, opportunity for oral hearing must be granted if requested by twenty-five (25) persons, or by a governmental subdivision or agency, or by an association having not less than twenty-five (25) members."

The uncontradicted testimony is that no one requested a hearing. The following testimony by Alfred Massarone, chief field investigator in the registry of motor vehicles, stands uncontradicted. He testified that

" * * * no public hearing was in fact held because none was requested. The Registry was acceptable to any persons who wished to submit information orally or written or to request a hearing, and none was requested."

Since no hearing was requested, none was required under §42-35-3(a)(2).

State exhibit 1 is an attested copy of the regulation in issue. The evidence supports the trial justice's finding that it had been validly promulgated in substantial compliance with §42-35-3. The defendants have failed to persuade us to the contrary. *Compare State* v. *Cole*, 106 R. I. 192, 257 A.2d 784 (1969). In the circumstances we find no error in the ruling of the trial justice admitting the attested copy of the regulation in evidence.

### III

The defendants' final contention is that the regulation is invalid because it adopted the standards of private non-governmental agencies and of a foreign state. They argue in substance that the regulation is invalid for the following reasons: (1) section 31-10.1-4 authorizes the registrar to approve types of helmets, and not to adopt those approved by an agency not responsible to the people of this state or

to any of its appointing authorities, and (2) the registrar's action amounted to an unlawful delegation of his power. We do not agree with defendants' conclusions. The registrar did not delegate his authority to make rules; he merely adopted standards and specifications which in his judgment he found were proper and suitable for use in this state. The fact that these standards had their origin elsewhere and that the registrar relied on the expertise of others does not amount to a delegation of authority.

A.L.A. Schechter Poultry Corp. v. United States, 295 U. S. 495, 55 S. Ct. 837, 79 L.Ed. 1570 (1935); Panama Refining Co. v. Ryan, 293 U. S. 388, 55 S. Ct. 241, 79 L.Ed. 446 (1935), cited by the defendants are not in point and require no discussion here.

The exceptions which the defendants have briefed and argued are overruled, and each case is remitted to the Superior Court.

Petition for leave to reargue denied.

Richard J. Israel, Attorney General, Donald P. Ryan, Assistant Attorney General, for plaintiff.

Berberian & Tanenbaum, Aram K. Berberian, for defendants.