535 P.2d 1337

**CITY OF ALBUQUERQUE, Plaintiff-Appellant,**

v.

**Roy T. JONES, Defendant-Appellee.**

**No. 10033.**

Supreme Court of New Mexico.

May 14, 1975.

Ronald R. Walker, Albuquerque, for plaintiff-appellant.

Emmett C. Hart, Albuquerque, for defendant-appellee.

## OPINION

McMANUS, Chief Justice.

Jones was charged in the Albuquerque Municipal Court with violation of § 71.11

of the Traffic Code of the City of Albuquerque, which requires the operator of a motorcycle to wear an approved safety helmet. The municipal court held that ordinance unconstitutional; the district court affirmed, and the City appeals.

Section 71.11, supra, reads as follows:

"No person shall operate a motorcycle, motor driven cycle or motor scooter unless he is wearing a safety helmet securely fastened on his head in a normal manner as headgear and meeting the standards specified by the Commissioner of Motor Vehicles of the State of New Mexico."

The district court found that Jones was 32 years of age, and that on December 28, 1973, he was operating a motorcycle within the city limits of Albuquerque, and while doing so was not wearing an approved motorcycle helmet. Similar ordinances have been construed by the Supreme Court of the United States and by appellate courts in over half of the states. In Simon v. Sargent, 409 U.S. 1020, 34 L.Ed.2d 312, 93 S.Ct. 463 (1972), the Supreme Court upheld by memorandum a three-judge district court decision that a Massachusetts statute requiring a motorcyclist to wear a safety helmet did not violate the due process clause of the Fourteenth Amendment, since the subject matter of the enactment did not lie beyond the reach of the state's police power, nor the equal protection clause as a rational basis for the law was easily discernible. We interpret this as a clear direction by the Supreme Court that ordinances such as the one here involved are not violative of the federal Constitution.

In State v. Acker, 26 Utah 2d 104, 485 P.2d 1038 (1971), the court was considering a statute very similar to the ordinance in question in this case. The court there said:

"The principal question to be answered is whether the legislature can require a motorcycle rider or operator to wear protective headgear at all. The defendant argues that since the statute requires riders as well as operators to wear the device, it must be assumed that the law was enacted solely for the purpose of protecting the individual wearer.

"This does not necessarily follow. While it was undoubtedly the intention of the legislature to enact a measure which would protect the life and limb of its citizens, it also is evident that any measure taken which would protect the operator of a motorcycle would tend to avoid collisions with other traffic upon the highway. Even if it were to be assumed that the legislature intended to protect only those who were riding upon the motorcycle from harm, the public certainly has an interest in that regard. Whenever a citizen becomes maimed or is killed, the entire public is affected to some degree. As John Donne suggested, each citizen is a clod of the entire whole, and when one citizen is diminished, we all suffer. Both hospitals and relief rolls are crowded, and it is a proper exercise of police power for the legislature to enact statutes which would tend to keep citizens out of the one and off of the other. Whether the wearing of the helmet is likely to reduce accidents and thus avoid death and maiming is a matter for the legislative body to determine and not for the courts.

"It is settled law that a statute is presumed to be constitutional unless it clearly violates some specific provision of the constitution. We are unable to say that the statute clearly violates any provision of our constitution, and from what we have said above, it is obvious that we think the statute is valid."

There are other courts which have held motorcycle helmet statutes unconstitutional, namely Michigan, Illinois and Ohio, but the overwhelming weight of authority holds otherwise. See, Love v. Bell, 465 P.2d 118 (Colo.1970); State v. Albertson, 93 Idaho 640, 470 P.2d 300 (1970); State v. Eitel, 227 So.2d 489 (Fla.1969); Everhardt

v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1969); Bisenius v. Karns, 42 Wis.2d 42, 165 N.W.2d 377 (1969); Commonwealth v. Howie, 354 Mass. 769, 238 N.E.2d 373 (1968); State v. Anderson, 3 N.C.App. 124, 164 S.E.2d 48 (1968); State v. Lombardi, 104 R.I. 28, 241 A.2d 625 (1968).

■ This court agrees with those jurisdictions which have considered such helmet legislation to be constitutional. We believe that § 71.11, supra, was and is an appropriate exercise of the City's police powers.

■ There is a presumption that all legislative acts are legal and valid, and their provisions presumed constitutional. Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971). This presumption extends to municipal ordinances, as we stated in City of Lovington v. Hall, 68 N. M. 143, 145, 359 P.2d 769, 770 (1961):

> "It is fundamental that an ordinance as well as a statute, is presumed to be valid and the one who attacks it has the burden of establishing its invalidity."

Appellee here has not met this burden.

■ Appellant City further declares that the delegation to the commissioner of motor vehicles of the power to determine what type of helmet should be worn did not deprive the appellee of due process. We agree. Delegated standards need not be specific and may be broad as long as they are capable of reasonable understanding and are sufficient to limit and define discretionary power. City of Santa Fe v. Gamble-Skogmo, Inc., 73 N.M. 410, 389 P. 2d 13 (1964).

■ The fact that the commissioner of motor vehicles of the State of New Mexico adopted the standards determined by the testing of a third person does not make such testing unreasonable. In addition, the testing methods were not challenged by any parties to this action. It is the opinion of this court that the district court erred in holding § 71.11, supra, unconstitutional. Consequently, the cause should be reversed and remanded to the district court for en-

try of judgment in favor of the City of Albuquerque.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.