541 P.2d 409

**The STATE of Arizona, Appellee,**

v.

**Harold G. BEEMAN, Appellant.**

**No. I CA–CR 1048.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 21, 1975.

Rehearing Denied Dec. 11, 1975.

Joe R. Purcell, City Atty., by Lorin G. Shelley, Asst. City Atty., Phoenix, for appellee.

Harold G. Beeman in pro per.

OPINION

OGG, Presiding Judge.

Defendant/appellant Harold Beeman was found guilty on December 31, 1974, of driving a motorcycle without a helmet in violation of § 28–964A, Arizona Revised

Statutes, Laws 1973. The pertinent part of this statute reads in part:

"A. The operator and passenger of a motorcycle or motor-driven cycle shall at all times, while operating or riding on such motorcycle or motor-driven cycle, wear a protective helmet on his head in an appropriate manner safely secured. The operator and passenger of a motorcycle or motor-driven cycle shall also wear protective glasses, goggles, or a transparent face shield of a type approved by the director unless the motorcycle or the motor-driven cycle is equipped with a protective windshield. The provisions of this subsection shall not apply to electrically powered three wheeled vehicle or three wheeled vehicles on which the operator and passenger ride within an enclosed cab."

The defendant contends on appeal that § 28–964A is unconstitutional in that it violates the due process clause of the 5th and 14th Amendments of the United States Constitution insofar as it is not a valid exercise of the state's police power. Our court has already ruled on this matter in *State v. Also,* 11 Ariz.App. 227, 463 P.2d 122 (1969). In upholding the constitutionality of the forerunner of the current statute which is essentially identical, Judge Krucker, speaking for the court, stated:

"[4] We do not believe that the purposes of the Act, whether it be solely directed at the individual's well-being or viewed as coincident with potential threats against public safety, places this regulation on a par with those which the decisions invalidating the statutes have suggested are similar."

\* \* \* \* \* \*

"Public highways just cannot be said to provide a place where anyone's encounter with danger can be tolerated. The ramifications are too broad.

We hold, therefore, that the statute in question is a constitutional exercise of the police power in the area of highway safety."

Since Also, the United States Supreme Court has affirmed a Massachusetts District Court decision which upheld the constitutionality of a Massachusetts statute requiring motorcyclists to wear helmets. See *Simon v. Sargent,* 346 F.Supp. 277 (1972), affirmed 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312 (1974). The wording of the Massachusetts statute is essentially the same as ARS § 28–964A.[1]

The defendant's position in *Simon* is identical to that of defendant Beeman in the present case; that is, he argued that the state's police power does not extend to overcoming the right of an individual to incur risks that involve only himself. In dealing with this argument the District Court observed:

"In view of the evidence warranting a finding that motorcyclists are especially prone to serious head injuries, see Statistical Division, National Safety Council, 1974 Motorcycle Facts, the public has an interest in minimizing the resources directly involved. From the moment of the injury, society picks the person up off the highway; delivers him to a municipal hospital and municipal doctors; provides him with unemployment compensation if, after recovery, he cannot replace his lost job, and, if the injury causes permanent disability, may assume the responsibility for his and his family's continued subsistence. We do not understand a state of mind that permits plaintiff to think that only he himself is concerned."

We agree with this observation. Any accident on the public highway puts into motion the wheels of a number of differ-

1. Mass. G.L.C. 90 § 7 provides:
   Every person operating a motorcycle or riding as a passenger on a motorcycle or in a sidecar attached to a motorcycle shall wear protective head gear conforming with such minimum standards of construction and per-

formance as the registrar may prescribe, and no person operating a motorcycle shall permit any other person to ride as a passenger on such motorcycle or in a sidecar attached to such motorcycle unless such passenger is wearing such protective head gear.

ent state and local agencies at a substantial cost to the taxpayers. Furthermore, the helmet prevents a motorcyclist from being injured or his attention diverted, by stones or debris thrown up from the roadside, thereby causing the cyclist to lose control and threaten the safety of both motorists and pedestrians in close proximity. In light of these facts we feel that there is valid state interest in requiring all motorcyclists to wear helmets and, therefore, ARS § 28–964A is a valid constitutional extension of the state's police power.

The judgment and sentence of the trial court are affirmed.

DONOFRIO and FROEB, JJ., concur.