491 A.2d 864

**COMMONWEALTH of Pennsylvania**

v.

**Gordon Lavern KAUTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 2, 1984.

Filed April 4, 1985.

---

J. Richard Gray, Lancaster, for appellant.

Charles A. Achey, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, President Judge, and OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

Appellant challenges the constitutionality of Section 3525(a) of the Vehicle Code [1] (hereinafter referred to as the "helmet law"). The statute, in pertinent part, provides: "No person shall operate or ride upon a motorcycle or a motor-driven cycle (other than a motorized pedalcycle) unless he is wearing protective headgear which complies with standards established by the department." Appellant, in his challenge, renews the arguments rejected by this Court in *Commonwealth v. Arnold,* 215 Pa.Super. 444, 258 A.2d 885 (1969).[2] We affirm on the basis of *Arnold,* but question the continuing vitality of that case.

■ The thrust of appellant's arguments goes to the question of how far the state may extend its police power to save a citizen from himself. It is axiomatic that the power can be rightfully exercised over a member of a civilized community, against that person's will, only to prevent harm to other members of the community.

> The only part of the conduct of any one, for which he is amendable to society, is that which concerns others. In the part which merely concerns himself, his independence

---

1. Vehicle Code, Act of June 17, 1976, P.L. 162; No. 81, Sec. 1, as amended; 75 Pa.C.S. Sec. 3525(a).

2. *Arnold* was decided under the predecessor to Sec. 3525(a). Vehicle Code, Act of April 29, 1959, P.L. 58, Sec. 625.1, as amended; 75 P.S. Sec. 625.1, repealed. The former Sec. 625.1 provided, *inter alia:* "Any person operating or riding on a motorcycle shall wear both protective headgear and ... an eye shield of a type approved by the secretary." The statutes in substance the same, we will follow the case law enunciated under the former Sec. 625.1. *Accord* 42 P.S. Sec. 20003(c).

is, of right, absolute.   Over himself, over his own body and mind, the individual is sovereign.

\* \* \* \* \* \*

(T)he principle requires liberty of tastes and pursuits; of framing the plan of our life to suit our own character; of doing as we like, subject to such consequences as may follow: without impediment from our fellow creatures, so long as what we do does not harm them, even though they think our conduct foolish, perverse or wrong.

John Stuart Mill, *On Liberty* (1859), cited with approval in *Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980).

Adherence to this principle has proven difficult for a court faced with challenges to the helmet laws.   In *Arnold*, this Court followed the lead of other jurisdictions finding, however attenuated, a basis for public benefit.

(T)he requirement of protective headgear for the exposed operator bears a reasonable relationship to highway safety generally.   It does not tax the intellect to comprehend that loose stones on the highway kicked up by passing vehicles, or fallen objects such as windblown tree branches, against which the operator of a closed vehicle has some protection, could so affect the operator of a motorcycle as to cause him momentarily to lose control and thus become a menace to other vehicles on the highway.

*Commonwealth v. Arnold*, 215 Pa.Super. at 448, 258 A.2d at 880, quoting *State ex rel. Colvin v. Lombardi*, 104 R.I. 28, 30, 241 A.2d 625, 627 (1968).   *See Bogue v. Faircloth*, 316 F.Supp. 486 (S.D.Fla.1971) (applying state law); *Kingery v. Chapple*, 504 P.2d 831 (Alaska 1972); *State v. Also*, 11 Ariz.App. 227, 463 P.2d 122 (1969); *State v. Beeman*, 25 Ariz.App. 83, 541 P.2d 409 (1975); *Penney v. North Little Rock*, 248 Ark. 1158, 455 S.W.2d 132 (1970); *Love v. Bell*, 171 Colo. 27, 465 P.2d 118 (1970); *State v. Brady*, 290 A.2d 322 (Del.Super.1972); *State v. Cotton*, 55 Hawaii 138, 516 P.2d 709 (1973); *State v. Albertson*, 93 Idaho 640, 470 P.2d 300 (1970); *Wichita v. White*, 205 Kan. 408, 469 P.2d 287 (1970); *State v. Quinnam*, 367 A.2d 1032 (Me.1977); *People of Adrian v. Poucher*, 398 Mich. 316, 247 N.W.2d 798

(1976); *State v. Edwards,* 287 Minn. 83, 177 N.W.2d 40 (1970); *State v. Darrah,* 446 S.W.2d 745 (Mo.1969); *State v. Cushman,* 451 S.W.2d 17 (Mo.1970); *Albuquerque v. Jones,* 87 N.M. 486, 535 P.2d 1337 (1975); *People v. Bennett,* 89 Misc.2d 382, 391 N.Y.S.2d 506 (1977); *State v. Stouffer,* 28 Ohio App.2d 229, 276 N.E.2d 651 (1971); *Elliott v. Oklahoma City,* 471 P.2d 944 (Okla.Crim.1970); *State v. Fetterly,* 254 Or. 47, 456 P.2d 996 (1969); *State v. Lombardi,* 110 R.I. 776, 298 A.2d 141 (1972); *Ex Parte Smith,* 441 S.W.2d 544 (Tex.Crim.1969); *State v. Acker,* 26 Utah 2d 104, 485 P.2d 1038 (1971); *State v. Solomon,* 128 Vt. 196, 260 A.2d 377 (1969); *State v. Zektzer,* 13 Wash.App. 24, 533 P.2d 399 (1975) (all reciting, with variations, the "loose stones" rationale); *see generally* Annot., 32 A.L.R.3d 1270 and supplement.

Other courts, admitting that the "public safety" fiction masks a real concern for the individual's well-being, go on to find a societal interest in minimizing the economic costs of a motorcycle accident.

> In view of the evidence warranting a finding that motorcyclists are especially prone to serious head injuries, see Statistical Division, National Safety Council, 1971 Motorcycle Facts, the public has an interest in minimizing the resources directly involved.

> From the moment of the injury, society picks the person up off the highway; delivers him to a municipal hospital and municipal doctors; provides him with unemployment compensation if, after recovery, he cannot replace his lost job, and, if the injury causes permanent disability, may assume the responsibility for his and his family's continued subsistence. We do not understand a state of mind that permits plaintiff to think that only he himself is concerned.

*Simon v. Sargent,* 346 F.Supp. 277 (D.Mass.), affirmed 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312 (1972). *See State v. Beeman,* 25 Ariz.App. 83, 541 P.2d 409 (1975); *Love v. Bell,* 171 Colo. 27, 465 P.2d 118 (1970); *People v. Bennett,* 89 Misc.2d 382, 391 N.Y.S.2d 506 (1977); *State v. Stouffer,* 28

Ohio App.2d 229, 276 N.E.2d 651 (1971); *State v. Acker,* 26 Utah 2d 104, 485 P.2d 1038 (1971); *State v. Laitinen,* 77 Wash.2d 130, 459 P.2d 789 (1969), cert. denied *Laitinen v. State,* 397 U.S. 1055, 90 S.Ct. 1397, 25 L.Ed.2d 671 (1970); *see also* Annot., 32 A.L.R.3d 1270 Sec. 5. Taken to its logical extreme, this argument would preclude a pedestrian's crossing the street.

Courts hesitate before the stated purpose of the statutes. "(T)he act's only realistic purpose is the prevention of head injuries incurred in motorcycle mishaps." *Simon v. Sargent,* 346 F.Supp. at 278 (the court proceeded to decide the case on an "economic cost" rationale); *cf. People v. Fries,* 42 Ill.2d 446, 250 N.E.2d 149 (1969) ("The manifest function of the headgear requirement ... is to safeguard the person wearing it ... from head injuries. Such a laudable purpose, however, cannot justify the regulation of what is essentially a matter of personal safety."). This reluctance to endorse the state's interest in the welfare of its citizenry reflects, perhaps, a fear of "Big Brother" and the concomitant potential for abuse.[3]

Our Court, in rebuffing challenges to the helmet law, has relied upon the presumption of validity accorded any duly enacted statute. *See, e.g., Commonwealth v. Arnold,* 215 Pa.Super. at 448, 258 A.2d at 887–888, citing *Commonwealth v. Bristow,* 185 Pa.Super. 448, 458, 138 A.2d 156, 161 (1958). With statute, the legislature gives voice to the will of the people.

Two conditions are essential to the realization of justice according to the law. The law must have an authority

---

**3.** We note that three states, New York, New Jersey, and Illinois, have enacted legislation requiring drivers and passengers of most motor vehicles to use seatbelts. Similar legislation died in the last session of the General Assembly; a new bill, however, has been introduced.

An assistant attorney general predicted that the New York law would withstand a court challenge. He based his prediction on the continued survival of the motorcycle helmet law. (Available on Lexis, Nexis Library, Proprietary to UPI, September 28, 1984.)

Search and seizure problems may attend enforcement of the seatbelt laws. These problems would include justification for a stop and the extent of the search incident to that stop.

> supreme over the will of the individual, and such an authority can arise only from a background of social acquiescence, which gives it the voice of infinitely greater numbers than these of its expositors.

L. Hand, *The Speech of Justice,* 29 Harv.L.Rev. 618 (1916). A clash between the will of the people as embodied in law and the will of the individual may be inevitable. The two must necessarily compromise to accommodate the realities of day-to-day life. A decision that the government may intervene to protect a person from himself would furnish a potentially powerful tool for governmental invasion of privacy. For that reason, we would decide this case without reaching the broad question of personal liberties.

■■■■ Narrowly drawn, the helmet law will withstand constitutional scrutiny. Section 3525(a) operates to regulate access to public roads. The legislature has the power to regulate the manner and circumstances under which vehicles may be operated upon highways. *See Maurer v. Boardman,* 336 Pa. 17, 7 A.2d 466 (1939), cert. denied *Maurer v. Hamilton,* 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969 (1940). Access to these highways is a privilege, not a right. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Lemon,* 31 Pa.Commw. 133, 375 A.2d 857 (1977). As such, that privilege is revocable. The proper test for determining the validity of Sec. 3525 becomes a question whether the helmet law is reasonably related to a rational state interest. *See id.* at 135, 375 A.2d at 858. Viewed in this manner, the statute survives on the strength of arguments too attenuated to withstand a more rigorous scrutiny. *See* pp. 865–867, *supra; Commonwealth v. Arnold,* 215 Pa.Super. at 258 A.2d at 880.

■■■■ Appellant's remaining arguments lack merit. Contending that the statute places upon a motorcyclist the unreasonable burden of obtaining a list of approved helmets and headgear, appellant argues that the statute is unconstitutionally vague and must be stricken as void. The case appellant cites, *People v. Smallwood,* 52 Misc.2d 1027, 277

N.Y.S.2d 429 (1967), has itself been overruled. *See People v. Schmidt,* 54 Misc.2d 702, 283 N.Y.S.2d 290 (1967). Further, promulgation of standards by the Department of Transportation represents a constitutional delegation of authority.

■ Finally, we see no merit to appellant's claim that the statute denies him the equal protection of the laws. It is not difficult to discern a rational basis for the legislature's distinction between motorcyclists and, for example, automobile drivers or pedalcyclists. Automobile drivers have the additional protection of enclosed vehicles; pedalcycle drivers, the reduced risk of a lower maximum speed. The distinction is a reasonable one.

Judgment of sentence affirmed.

SPAETH, President Judge, files a concurring opinion.

SPAETH, President Judge, concurring:

I do not question the continuing vitality of *Commonwealth v. Arnold,* 215 Pa.Super. 444, 258 A.2d 885 (1969), and should affirm on the basis of the trial court's opinion.