David L. PICOU, Plaintiff-Appellant,

v.

Jim GILLUM, Sheriff of Pasco County, James T. Russell, State Attorney, Defendants-Appellees.

No. 86–3428
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 3, 1987.

James A. Peters, Asst. Atty. Gen., Dept. of Legal Affairs (Civil), Tallahassee, Fla., for Picou.

Norman A. Palumbo, Jr., New Port Richey, Fla., for Gillum.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

This case involves a constitutional challenge to Florida's "helmet law," requiring motorcycle operators and passengers to wear protective helmets. Fla.Stat. § 316.-211 (1985). In addition to equal protection and due process challenges, Picou argues that the law violates his right to privacy or "right to be let alone" as those rights have developed in the past two decades of decisions involving abortion, contraception, and other privacy issues. The district court dismissed the complaint for failure to state a claim on which relief could be granted, relying on the Supreme Court's summary affirmance in *Simon v. Sargent*, 346 F.Supp. 277 (D.Mass.), *aff'd*, 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312 (1972).

In *Simon*, a three-judge district court panel rejected arguments that a similar Massachusetts helmet law exceeded the state's police powers and denied the motorcycle operator equal protection by not requiring operators of other motor vehicles to wear helmets. 346 F.Supp. at 279. The Supreme Court affirmed without argument or opinion.

A summary affirmance by the Supreme Court has binding precedential effect. *See Hicks v. Miranda*, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975). In a summary affirmance, however, the Supreme Court endorses only the result, and not the reasoning, of the court below. *See Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977). "[T]he rationale of the affirmance may not be gleaned solely from the opinion below." *Id.* Summary affirmances only "prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Id.* Thus, summary affirmances should not be taken as expressing a view on a legal claim or constitutional theory not presented to the Supreme Court or discussed in the appealed lower court opinion.

In their briefs before this court, all of the parties in this case apparently now agree that the *Simon v. Sargent* opinion did not address or resolve the privacy implications of motorcycle helmet laws. *See* Appellant's Brief at 5–6; Appellee Russell's Brief at 3; Appellee Gillum's Brief at 2, 4 (noting but not attacking appellant's contention that *Simon* does not address privacy). After reviewing the *Simon* opinion ourselves, we agree that it did not resolve the privacy claim, which is based in part on cases issued after the *Simon* opinion. *See, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

Thus, the Supreme Court's summary affirmance in *Simon* does not control this case. Without expressing a view on the merits of Picou's claim, we therefore vacate the judgment of the district court and remand this case to that court for consideration *ab initio* of the privacy claim.

VACATED and REMANDED.