DLD-097                                                                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1438
_____

RODNEY L. BURR,
                                    Appellant
v.

ATTORNEY GENERAL DELAWARE; TRINIDAD NAVARRO,
in his official capacity as New Castle County Sheriff
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-13-cv-00810)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 30, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: February 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Rodney L. Burr appeals the District Court's order dismissing his

complaint for a failure to state a claim upon which relief could be granted.  Appellee

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Attorney General of Delaware has moved for summary affirmance, arguing that the appeal presents no substantial question. We agree and will grant the Attorney General's motion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Burr would like to drive in Delaware without wearing a seatbelt. As a result of that desire, he filed a complaint in the District Court alleging that Delaware's seatbelt law is unconstitutional.[1] Burr cited the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution in his complaint and briefing, but primarily relied on an argument that the United States Supreme Court's overruling of Bowers v. Hardwick, 478 U.S. 186 (1986), in Lawrence v. Texas, 539 U.S. 558 (2003), required that the District Court apply a strict scrutiny standard of review to Delaware's seatbelt law because the right not to wear a seatbelt is a fundamental right.

The Attorney General moved to dismiss the complaint for a failure to state a claim upon which relief could be granted, arguing, among other things, that rational basis review should apply to the seatbelt law and that the law is clearly directed at satisfying multiple legitimate government interests. The District Court granted the Attorney General's motion to dismiss and denied Burr's subsequent motion for reconsideration.[2]

---

[1] Burr has previously been ticketed for the failure to comply with this law, and asserts that he must continue driving in Delaware for his commuting and shopping needs.

[2] The District Court had also dismissed the other defendant, the Sheriff of New Castle County, as an improper party. Burr did not object to that dismissal.

This appeal followed.

## II.

There is no substantial question that the District Court was correct to dismiss Burr's complaint and deny his motion for reconsideration.

Burr's complaint was subject to dismissal "if the pleading [did] not plausibly suggest an entitlement to relief," and our review of that question is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (per curiam). We will summarily affirm the District Court's order if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Burr concedes that his complaint fails to state a claim if the rational basis test applies. Thus, his appeal turns on the argument that the District Court should have instead applied strict scrutiny to Delaware's seatbelt law. As Burr frames it, the key point from Lawrence is not that the case actually applied strict scrutiny to an asserted fundamental right to intimate sexual relations. That is important to Burr's argument because the Attorney General argued that Lawrence instead applied the rational basis test. Rather, Burr argues that the need to now apply strict scrutiny to a seatbelt law rests solely on Lawrence's overruling of Bowers, which Burr describes as having held that the right to privacy extends only to "activities to include only child rearing and education, family relationships, procreation, marriage, contraception, and abortion." Complaint ¶ 12, D. Ct. Doc. No. 2 (citing Bowers, 478 U.S. at 190). According to Burr's logic, after Lawrence, constitutional doctrine was restored to a pre-Bowers state where fundamental liberty is

3

viewed broadly and extends to "virtually any physical activity which does not improperly infringe upon the rights of others." Motion for Reconsideration ¶ 5, D. Ct. Doc. No. 19. Burr characterizes the alleged right not to wear a seatbelt as just that kind of activity protected as a fundamental liberty.

Burr's logic fails. Courts have repeatedly rebuffed challenges to safety laws like Delaware's seatbelt law, both before and after Bowers. See, e.g., Picou v. Gillum, 874 F.2d 1519, 1522 (11th Cir. 1989) ("Although a narrow range of privacy rights are shielded from the political process by the Constitution, the desirability of laws such as the Florida helmet requirement is a matter for citizens and their elected representatives to decide. . . . We think the district court was correct to conclude that appellant has shown no reason in history, in policy, or in logic why a constitutional right should extend to his decision to forego a motorcycle helmet."); Pac. Legal Found. v. Dep't of Transp., 593 F.2d 1338, 1347 n.72 (D.C. Cir. 1979) ("Petitioners also assert that the passive restraint rule violates the individual's right to privacy. We find no basis for this contention. Passive restraints protect not only the owner or driver of the car, but also any passengers, and thus involve more than a purely individual concern. Also, by their very nature passive restraints involve no intrusion on an intimate area of activity, as in cases concerning the family or procreation decisions where courts have defended privacy interests."). The United States Supreme Court itself rejected a due process attack on a similar traffic-safety law during the pre-Bowers period, albeit by summary affirmance of a lower court decision. See Simon v. Sargent, 409 U.S. 1020 (1972), aff'g 346 F. Supp.

4

277, 279 (D. Mass.) (concluding there was no constitutional right not to wear a motorcycle helmet).

Moreover, in Obergefell v. Hodges, 576 U.S. ___, 135 S. Ct. 2584 (2015), the United States Supreme Court has recently commented further on the judicial process for identifying fundamental liberties. That commentary forecloses Burr's argument here, which depends on the idea that fundamental liberty interests extend presumptively to nearly any activity, leaving only a narrow domain in which the government may regulate without triggering strict scrutiny. Appellant's Informal Brief at ¶¶ 28, 57, 80, 97-98. In Obergefell, the Supreme Court was more circumspect, stating that fundamental liberties "extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs." Obergefell, 135 S. Ct. at 2597. Thus, it remains the case that the courts must carefully consider whether any particular activity is protected by fundamental liberty interests. The Obergefell decision confirms that Lawrence's overruling of Bowers did not eliminate the need for that careful process.

In Obergefell, the Supreme Court concluded that the right to marry was fundamental due to certain of its essential attributes, none of which applies to seatbelt laws. See id. at 2597-602. And unlike the laws at issue in Obergefell, Delaware's seatbelt law does not treat a group of persons unequally in ways that disrespect and subordinate that group. See id. at 2602-05. Also, the right to marry implicated "only the rights of two consenting adults whose marriages would pose no risk of harm to

themselves or third parties"—in contrast to seatbelt laws, which reduce the risk of harm to a person who otherwise would not wear a seatbelt while driving. See id. at 2607. In light of these distinctions, whatever the scope is of the fundamental liberty interest after Obergefell, we are confident that the asserted right not to wear a seatbelt does not fall within it.

No fundamental liberty interest has been recognized to encompass the decision to forgo wearing a seatbelt, and nothing in Lawrence, Obergefell, or any other precedent requires us to recognize such a right. The District Court was correct to uphold Delaware's seatbelt law after applying the rational basis standard. Accordingly, we will grant the Attorney General's motion to summarily affirm the District Court's orders dismissing Burr's complaint and denying Burr's motion to reconsider that dismissal.